1   FOLGER LEVIN & KAHN LLP
    Lisa M. van Krieken (CSB No. 121808, lvankrieken@flk.com)
2   Genevieve E. Evarts (CSB No. 226874, gevarts@flk.com)
    Embarcadero Center West
3   275 Battery Street, 23rd Floor
    San Francisco, CA  94111
4   Telephone: (415) 986-2800
    Facsimile: (415) 986-2827
5
6   Attorneys for Defendants Hyatt Corporation
    dba Hyatt Regency San Francisco Airport, Jimmy
    Flores, Ron Gray, Tom Phipps and Jose Reyes
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11

12  THROY OTANES,                        Case No.  CV 07 5936 MHP

13          Plaintiff,

14      v.                               **ANSWER OF INDIVIDUAL DEFENDANTS
                                         JIMMY FLORES, RON GRAY, TOM
15  HYATT REGENCY HOTEL                  PHIPPS, AND JOSE REYES TO
    (BURLINGAME), JIMMY FLORES,          PLAINTIFF'S COMPLAINT FOR
16  RON GRAY, TOM PHIPPS, JOSE           WRONGFUL DISCHARGE ARISING
    REYES, and DOES ONE through FIFTY,   FROM BREACH OF CONTRACT,
                                         BREACH OF COVENANT OF GOOD
17                                       FAITH & FAIR DEALING,
            Defendants.                  DISCRIMINATION BASED ON
18                                       SEX/SEXUAL ORIENTATION, RACED-
                                         BASED DISCRIMINATION,
19                                       INTENTIONAL INFLICTION OF
                                         EMOTIONAL DISTRESS, FAILURE TO
20                                       PREVENT DISCRIMINATION**

21
                                         Complaint Filed in State Court:  May 15, 2007
22

23

24          Individual Defendants Jimmy Flores, Ron Gray, Tom Phipps, and Jose Reyes (hereinafter

25  "Individual Defendants") hereby answer the Complaint for Wrongful Discharge Arising from

26  Breach of Contract, Breach of Covenant of Good Faith & Fair Dealing, Discrimination Based on

27  Sex/Sexual Orientation, Raced-Based Discrimination, Intentional Infliction of Emotional

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

Distress, and Failure to Prevent Discrimination ("Complaint") filed by plaintiff Throy Otanes ("Plaintiff") in the above-captioned matter as follows:[1]

**ANSWER TO PARAGRAPHS ENTITLED "JURISDICTIONAL ALLEGATIONS"**

1.       Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 1 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants admit that the Hyatt Regency San Francisco Airport hotel does business in the County of San Mateo, State of California.

2.       Answering Paragraph 2 of the Complaint, Individual Defendants admit that Jimmy Flores, Ron Gray, Tom Phipps, and Jose Reyes are individuals and employees of Hyatt Corporation dba Hyatt Regency San Francisco Airport.

3.       Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 3 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph.

4.       Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 4 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants allege that Plaintiff was a union employee covered by a written collective bargaining agreement between International Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the Hyatt Regency San Francisco Airport ("the hotel"), which written agreement covered the terms and conditions of Plaintiff's employment in San Mateo County, California.

5.       Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 5 of the Complaint.

_____
[1] Defendant Hyatt Corporation dba Hyatt Regency San Francisco Airport ("Hyatt") (erroneously named herein as "Hyatt Regency Hotel (Burlingame)" has not yet been served with the Summons and Complaint.

1

6.       Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 6 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph.

7.       Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 7 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph.

**ANSWER TO PARAGRAPHS ENTITLED "GENERAL ALLEGATIONS"**

8.       Answering Paragraph 8 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 7 of the Complaint, Individual Defendants reallege and hereby incorporate by this reference their responses to said paragraphs as though fully set forth herein.

9.       Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 9 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph.

10.      Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 10 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants admit that Plaintiff is female and that she was openly  gay and her sexual orientation was known to many co-workers.

11.      Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 11 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants admit that Plaintiff worked as a utility engineer at the hotel.

12.      Individual Defendants admit that as a utility engineer, Plaintiff was tasked to do various minor repair work and minor electrical repair work, but Individual Defendants deny that

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1  minor electrical work does not include lockout/tagout electrical work, and specifically allege that
2  Plaintiff was trained many times in lockout/tagout procedures at the hotel, as were other utility
3  engineers.

4       13.    Individual Defendants have no information or belief on the subject sufficient to
5  enable them to answer the allegations contained in Paragraph 13 of the Complaint, and basing
6  their denial on that ground, deny generally and specifically each and every allegation contained in
7  said paragraph, except that Individual Defendants admit that when Plaintiff worked as a utility
8  engineer at the hotel, she initially was assigned Unit 7 work (rooms preventative maintenance),
9  but performed both Unit 7 and Unit 8 work, which are both utility engineer assignments.

10       14.    Individual Defendants have no information or belief on the subject sufficient to
11  enable them to answer the allegations contained in Paragraph 13 of the Complaint, and basing
12  their denial on that ground, deny generally and specifically each and every allegation contained in
13  said paragraph, except that Individual Defendants allege that Plaintiff frequently requested help
14  from them when she was performing her work as a utility engineer.

15       15.    Individual Defendants deny generally and specifically each and every allegation
16  contained in Paragraph 15 on page 4 of the Complaint, except that Individual Defendants admit
17  that Individual Defendant Jose Reyes is a utility engineer.  Individual Defendants Tom Phipps,
18  and Ron Gray are maintenance engineers, and Individual Defendant Jimmy Flores is a painter.
19  Defendants also admit that in 2005, Mark Hergert was promoted to Assistant Director of
20  Engineering and assumed supervisory responsibilities in the hotel's engineering department.

21       16.    Individual Defendants deny generally and specifically each and every allegation
22  contained in Paragraph 16 on page 4 of the Complaint.

23       17.    Individual Defendants deny generally and specifically each and every allegation
24  contained in Paragraph 17 on page 4 of the Complaint, except that Individual Defendants admit
25  that at some point, Plaintiff complained to the hotel's human resources department alleging that
26  two other engineering employees, "Al" and "Arnel", were coming in to rooms in which she was
27  working, borrowing tools, gossiping, annoying her, telling her that Unit 7 work was very hard,
28  and asking her if Individual Defendant Jimmy Flores (a painter), was doing his job on Sundays (a

-4-

day that she worked with Mr. Flores), and that she also alleged that Mr. Flores sometimes talked to her as well, telling her that Unit 7 work was harder than Unit 8 work.

18.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 18 on page 5 of the Complaint.

19.     Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 19 on page 5 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph.

$15_2$.     Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph $15_2$ (the second paragraph 15 contained in the Complaint) on page 5 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants admit that at some point, at her specific request, Plaintiff was assigned Unit 7 work because she stated that she should be assigned Unit 7 work due to her seniority.

$16_2$.     Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph $16_2$ (the second paragraph 16 contained in the Complaint) on page 5 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants admit that at some point, Plaintiff may have been the only female utility engineer at the hotel; however, Individual Defendants also allege that there previously had been another female utility engineer at the hotel named Jennifer Schaff, who subsequently became an apprentice engineer, and who then subsequently was promoted to maintenance engineer, then was promoted to Assistant Director of Engineering (supervising both Individual Defendants and Plaintiff), and then was promoted to Director of Engineering at a different Hyatt hotel.

$17_2$.     Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph $17_2$ (the second paragraph 17 contained in the Complaint) on page 5 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that

-5-

1  Individual Defendants allege that Plaintiff would have known prior to her assignment to Unit 7

2  work whether the utility engineers performing Unit 7 work were all males, since Plaintiff knew

3  all of the engineers in the Engineering Department.  Defendants further specifically deny that

4  Tom Phipps, Ron Gray and Jimmy Flores performed Unit 7 work.

5       18$_2$.    Individual Defendants have no information or belief on the subject sufficient to

6  enable them to answer the allegations contained in Paragraph 18$_2$ (the second paragraph 18

7  contained in the Complaint) on pages 5-6 of the Complaint, and basing their denial on that

8  ground, deny generally and specifically each and every allegation contained in said paragraph,

9  except that Individual Defendants deny that Plaintiff was not given any training for Unit 7 work,

10  inasmuch as all engineers in the hotel received extensive training, including Plaintiff.

11       19$_2$.    Individual Defendants have no information or belief on the subject sufficient to

12  enable them to answer the allegations contained in Paragraph 19$_2$ (the second paragraph 19

13  contained in the Complaint) on page 6 of the Complaint, and basing their denial on that ground,

14  deny generally and specifically each and every allegation contained in said paragraph, except that

15  Individual Defendants also specifically deny that Plaintiff was "learning on the job" in 2002, as

16  she should already have had the ability to perform Unit 7 work, having worked as a utility

17  engineer for three years.  Individual Defendants also specifically deny that Jimmy Flores or

18  anyone else was "out to give her a hard time, pouncing on her every mistake and harassing her

19  every chance they get."

20       20.    Individual Defendants have no information or belief on the subject sufficient to

21  enable them to answer the allegations contained in Paragraph 20 of the Complaint, and basing

22  their denial on that ground, deny generally and specifically each and every allegation contained in

23  said paragraph.

24       21.    Individual Defendants have no information or belief on the subject sufficient to

25  enable them to answer the allegations contained in Paragraph 21 of the Complaint, and basing

26  their denial on that ground, deny generally and specifically each and every allegation contained in

27  said paragraph, and also specifically deny that anyone was giving Plaintiff a "hard time".

28       22.    Individual Defendants have no information or belief on the subject sufficient to

-6-

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1   enable them to answer the allegations contained in Paragraph 22 of the Complaint, and basing

2   their denial on that ground, deny generally and specifically each and every allegation contained in

3   said paragraph.

4          23.    Individual Defendants deny generally and specifically each and every allegation

5   contained in Paragraph 23 of the Complaint, and further respond as follows.

6          23(a).   Individual Defendants deny generally and specifically each and every allegation

7   contained in Paragraph 23(a) of the Complaint.

8          23(b).   Individual Defendants deny generally and specifically each and every allegation

9   contained in Paragraph 23(b) of the Complaint.

10         23(c).   Individual Defendants deny generally and specifically each and every allegation

11  contained in Paragraph 23(c) of the Complaint.

12         23(d).   Individual Defendants deny generally and specifically each and every allegation

13  contained in Paragraph 23(d) of the Complaint.

14         24.    Individual Defendants have no information or belief on the subject sufficient to

15  enable them to answer the allegations contained in Paragraph 25 of the Complaint, and basing

16  their denial on that ground, deny generally and specifically each and every allegation contained in

17  said paragraph, except that Individual Defendants admit that Individual Defendant Tom Phipps

18  completed a plumbing repair job that had been assigned to Plaintiff after Plaintiff called on her

19  radio for assistance.

20         25.    Individual Defendants have no information or belief on the subject sufficient to

21  enable them to answer the allegations contained in Paragraph 25 of the Complaint, and basing

22  their denial on that ground, deny generally and specifically each and every allegation contained in

23  said paragraph, except that Individual Defendants admit that Plaintiff was suspended by the hotel

24  in April 2005.

25         26.    Individual Defendants have no information or belief on the subject sufficient to

26  enable them to answer the allegations contained in Paragraph 25 of the Complaint, and basing

27  their denial on that ground, deny generally and specifically each and every allegation contained in

28  said paragraph, and Individual Defendants further allege that Individual Defendant Ron Gray

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1  assisted Plaintiff in connection with a minor electrical assignment checking on a receptacle,

2  showed Plaintiff how to use her voltmeter, showed Plaintiff the simple steps to replace the

3  receptacle, and reminded her to do the necessary lockout/tagout procedure, and that Plaintiff then

4  confirmed that she was able to complete the job; however, Plaintiff was not able to complete the

5  job, and subsequently another utility engineer had to complete the job for her after her shift

6  ended.

7       27.    Individual Defendants have no information or belief on the subject sufficient to

8  enable them to answer the allegations contained in Paragraph 27 of the Complaint, and basing

9  their denial on that ground, deny generally and specifically each and every allegation contained in

10  said paragraph, except that Individual Defendants admit Plaintiff may have been called to Human

11  Resources on May 23, 2005.

12       28.    Answering Paragraph 28 of the Complaint, Individual Defendants admit that

13  Plaintiff was discharged from her employment on May 24, 2005.

14       29.    Individual Defendants deny generally and specifically each and every allegation

15  contained in Paragraph 29 of the Complaint.

16       30.    Individual Defendants deny generally and specifically each and every allegation

17  contained in Paragraph 30 of the Complaint.

18  **ANSWER TO FIRST CAUSE OF ACTION**

19  (Breach of Contract) (Against Defendant Hyatt only)

20       31.    Answering Paragraph 31 of the Complaint wherein Plaintiff incorporates

21  Paragraphs 1 through 30 (including the duplicative-numbered paragraphs) of the Complaint,

22  Individual Defendants reallege and hereby incorporate by this reference their responses to said

23  paragraphs as though fully set forth herein.

24       32.    Individual Defendants assert that no response is required to Paragraph 32 of the

25  Complaint because this cause of action is alleged against Defendant Hyatt alone.

26       33.    Individual Defendants assert that no response is required to Paragraph 33 of the

27  Complaint because this cause of action is alleged against Defendant Hyatt alone.

28       34.    Individual Defendants assert that no response is required to Paragraph 34 of the

-8-

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1    Complaint because this cause of action is alleged against Defendant Hyatt alone.

2        35.     Individual Defendants assert that no response is required to Paragraph 35 of the

3    Complaint because this cause of action is alleged against Defendant Hyatt alone.

4        36.     Individual Defendants assert that no response is required to Paragraph 36 of the

5    Complaint because this cause of action is alleged against Defendant Hyatt alone.

6        37.     Individual Defendants assert that no response is required to Paragraph 37 of the

7    Complaint because this cause of action is alleged against Defendant Hyatt alone.

8        38.     Individual Defendants assert that no response is required to Paragraph 38 of the

9    Complaint because this cause of action is alleged against Defendant Hyatt alone.

10                    **ANSWER TO SECOND CAUSE OF ACTION**

11    (Breach of Covenant of Good Faith and Fair Dealing) (Against Defendant Hyatt only)

12        39.     Answering Paragraph 39 of the Complaint wherein Plaintiff incorporates

13   Paragraphs 1 through 38 of the Complaint, Individual Defendants reallege and hereby incorporate

14   by this reference their responses to said paragraphs as though fully set forth herein.

15        40.     Individual Defendants assert that no response is required to Paragraph 40 of the

16   Complaint because this cause of action is alleged against Defendant Hyatt alone.

17        41.     Individual Defendants assert that no response is required to Paragraph 41 of the

18   Complaint because this cause of action is alleged against Defendant Hyatt alone.

19        42.     Individual Defendants assert that no response is required to Paragraph 42 of the

20   Complaint because this cause of action is alleged against Defendant Hyatt alone.

21        43.     Individual Defendants assert that no response is required to Paragraph 43 of the

22   Complaint because this cause of action is alleged against Defendant Hyatt alone.

23        44.     Individual Defendants assert that no response is required to Paragraph 44 of the

24   Complaint because this cause of action is alleged against Defendant Hyatt alone.

25   ///

26   ///

27   ///

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1

## ANSWER TO THIRD CAUSE OF ACTION

2

(Discrimination)

3

## ANSWER TO COUNT 1

4

(Race-Based Discrimination)

5       45.    Answering Paragraph 45 of the Complaint wherein Plaintiff incorporates

6  Paragraphs 1 through 44 of the Complaint, Individual Defendants reallege and hereby incorporate

7  by this reference their responses to said paragraphs as though fully set forth herein.

8       46.    Individual Defendants have no information or belief on the subject sufficient to

9  enable them to answer the allegations contained in Paragraph 46 of the Complaint, and basing

10 their denial on that ground, deny generally and specifically each and every allegation contained in

11 said paragraph, except that Individual Defendants assert that no response is required to the first

12 sentence of Paragraph 46 of the Complaint.

13      47.    Individual Defendants deny generally and specifically each and every allegation

14 contained in Paragraph 47 of the Complaint.

15      48.    Individual Defendants deny generally and specifically each and every allegation

16 contained in Paragraph 48 of the Complaint.

17      49.    Individual Defendants deny generally and specifically each and every allegation

18 contained in Paragraph 49 of the Complaint.

19      50.    Individual Defendants deny generally and specifically each and every allegation

20 contained in Paragraph 50 of the Complaint.

21      51.    Individual Defendants deny generally and specifically each and every allegation

22 contained in Paragraph 51 of the Complaint.

23      52.    Individual Defendants have no information or belief on the subject sufficient to

24 enable them to answer the allegations contained in Paragraph 52 of the Complaint, and basing

25 their denial on that ground, deny generally and specifically each and every allegation contained in

26 said paragraph.

27      53.    Individual Defendants deny generally and specifically each and every allegation

28 contained in Paragraph 53 of the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1    54.    Individual Defendants deny generally and specifically each and every allegation

2  contained in Paragraph 54 of the Complaint.

3    55.    Individual Defendants deny generally and specifically each and every allegation

4  contained in Paragraph 55 of the Complaint.

5  **ANSWER TO COUNT 2**

6  (Age-Based Discrimination)

7    56.    Answering Paragraph 56 of the Complaint wherein Plaintiff incorporates

8  Paragraphs 1 through 55 of the Complaint, Individual Defendants reallege and hereby incorporate

9  by this reference their responses to said paragraphs as though fully set forth herein.

10    57.    Individual Defendants have no information or belief on the subject sufficient to

11  enable them to answer the allegations contained in Paragraph 57 of the Complaint, and basing

12  their denial on that ground, deny generally and specifically each and every allegation contained in

13  said paragraph, except that Individual Defendants assert that no response is required to the first

14  sentence of Paragraph 57 of the Complaint.

15    58.    Individual Defendants deny generally and specifically each and every allegation

16  contained in Paragraph 58 of the Complaint.

17    59.    Individual Defendants deny generally and specifically each and every allegation

18  contained in Paragraph 59 of the Complaint.

19    60.    Individual Defendants deny generally and specifically each and every allegation

20  contained in Paragraph 60 of the Complaint.

21    61.    Individual Defendants deny generally and specifically each and every allegation

22  contained in Paragraph 61 of the Complaint.

23    62.    Individual Defendants deny generally and specifically each and every allegation

24  contained in Paragraph 62 of the Complaint.

25    63.    Individual Defendants have no information or belief on the subject sufficient to

26  enable them to answer the allegations contained in Paragraph 63 of the Complaint, and basing

27  their denial on that ground, deny generally and specifically each and every allegation contained in

28  said paragraph.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

64.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 64 of the Complaint.

65.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 65 of the Complaint.

66.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 66 of the Complaint.

## <u>ANSWER TO COUNT 3</u>

(Discrimination Based on Sex)

67.     Answering Paragraph 67 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 66 of the Complaint, Individual Defendants reallege and hereby incorporate by this reference their responses to said paragraphs as though fully set forth herein.

68.     Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 68 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph, except that Individual Defendants assert that no response is required to the first sentence of Paragraph 68 of the Complaint.  Individual Defendants also admit that Plaintiff is a female.

69.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 69 of the Complaint.

70.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 70 of the Complaint.

71.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 71 of the Complaint.

72.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 72 of the Complaint.

73.     Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 73 of the Complaint.

74.     Individual Defendants deny generally and specifically each and every allegation

-12-

1   contained in Paragraph 74 of the Complaint.

2       75.   Individual Defendants have no information or belief on the subject sufficient to

3   enable them to answer the allegations contained in Paragraph 75 of the Complaint, and basing

4   their denial on that ground, deny generally and specifically each and every allegation contained in

5   said paragraph.

6       76.   Individual Defendants deny generally and specifically each and every allegation

7   contained in Paragraph 76 of the Complaint.

8       77.   Individual Defendants deny generally and specifically each and every allegation

9   contained in Paragraph 77 of the Complaint.

10      78.   Individual Defendants deny generally and specifically each and every allegation

11  contained in Paragraph 78 of the Complaint.

12                          **ANSWER TO COUNT 4**

13                   (Discrimination Based on Sexual Orientation)

14      79.   Answering Paragraph 79 of the Complaint wherein Plaintiff incorporates

15  Paragraphs 1 through 78 of the Complaint, Individual Defendants reallege and hereby incorporate

16  by this reference their responses to said paragraphs as though fully set forth herein.

17      80.   Individual Defendants have no information or belief on the subject sufficient to

18  enable them to answer the allegations contained in Paragraph 80 of the Complaint, and basing

19  their denial on that ground, deny generally and specifically each and every allegation contained in

20  said paragraph, except that Individual Defendants assert that no response is required to the first

21  sentence of Paragraph 80 of the Complaint.  Individual Defendants also admit that Plaintiff is

22  female, and that she stated to co-workers that she was a lesbian.

23      81.   Individual Defendants deny generally and specifically each and every allegation

24  contained in Paragraph 81 of the Complaint.

25      82.   Individual Defendants deny generally and specifically each and every allegation

26  contained in Paragraph 82 of the Complaint.

27      83.   Individual Defendants deny generally and specifically each and every allegation

28  contained in Paragraph 83 of the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-13-

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

84.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 84 of the Complaint.

85.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 85 of the Complaint.

86.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 86 of the Complaint.

87.    Individual Defendants have no information or belief on the subject sufficient to enable them to answer the allegations contained in Paragraph 87 of the Complaint, and basing their denial on that ground, deny generally and specifically each and every allegation contained in said paragraph.

88.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 88 of the Complaint.

89.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 89 of the Complaint.

90.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 90 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

(Infliction of Emotional Distress)

## ANSWER TO COUNT 1

91.    Answering Paragraph 91 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 90 of the Complaint, Individual Defendants reallege and hereby incorporate by this reference their responses to said paragraphs as though fully set forth herein.

92.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 92 of the Complaint.

93.    Individual Defendants deny generally and specifically each and every allegation contained in Paragraph 93 of the Complaint, except that Individual Defendants admit that Plaintiff was terminated from her employment.

94.    Individual Defendants deny generally and specifically each and every allegation

-14-

1    contained in Paragraph 94 of the Complaint.

2        95.    Individual Defendants deny generally and specifically each and every allegation

3    contained in Paragraph 95 of the Complaint.

4                    **ANSWER TO COUNT 2** (Against Defendant Hyatt Only)

5        96.    Individual Defendants assert that no response is required to Paragraph 96 of the

6    Complaint because this count is alleged against Defendant Hyatt alone.

7        96(a).  Individual Defendants assert that no response is required to Paragraph 96(a) of the

8    Complaint because this count is alleged against Defendant Hyatt alone.

9        96(b).  Individual Defendants assert that no response is required to Paragraph 96(b) of the

10   Complaint because this count is alleged against Defendant Hyatt alone.

11       97.    Individual Defendants assert that no response is required to Paragraph 97 of the

12   Complaint because this count is alleged against Defendant Hyatt alone.

13       98.    Individual Defendants assert that no response is required to Paragraph 98 of the

14   Complaint because this count is alleged against Defendant Hyatt alone.

15       99.    Individual Defendants assert that no response is required to Paragraph 99 of the

16   Complaint because this count is alleged against Defendant Hyatt alone.

17       100.   Individual Defendants assert that no response is required to Paragraph 100 of the

18   Complaint because this count is alleged against Defendant Hyatt alone.

19                    **ANSWER TO FIFTH CAUSE OF ACTION**

20       (Failure to Take Steps to Prevent Discrimination) (Against Defendant Hyatt only)

21       101.   Individual Defendants assert that no response is required to Paragraph 101 of the

22   Complaint because this cause of action is alleged against Defendant Hyatt alone.

23       102.   Individual Defendants assert that no response is required to Paragraph 102 of the

24   Complaint because this cause of action is alleged against Defendant Hyatt alone.

25       103.   Individual Defendants assert that no response is required to Paragraph 103 of the

26   Complaint because this cause of action is alleged against Defendant Hyatt alone.

27       104.   Individual Defendants assert that no response is required to Paragraph 104 of the

28   Complaint because this cause of action is alleged against Defendant Hyatt alone.

-15-

1    105.    Individual Defendants assert that no response is required to Paragraph 105 of the

2    Complaint because this cause of action is alleged against Defendant Hyatt alone.

3    106.    Individual Defendants assert that no response is required to Paragraph 106 of the

4    Complaint because this cause of action is alleged against Defendant Hyatt alone.

5    107.    Individual Defendants assert that no response is required to Paragraph 107 of the

6    Complaint because this cause of action is alleged against Defendant Hyatt alone.

7    108.    Individual Defendants assert that no response is required to Paragraph 108 of the

8    Complaint because this cause of action is alleged against Defendant Hyatt alone.

9    109.    Individual Defendants assert that no response is required to Paragraph 109 of the

10    Complaint because this cause of action is alleged against Defendant Hyatt alone.

11    **RECOVERY**

12    Individual Defendants further specifically deny that Plaintiff has suffered any injury or

13    damages of any kind attributable in any way to any act or omission on the part of Individual

14    Defendants or any other person or entity.

15    **AFFIRMATIVE DEFENSES**

16    **FIRST AFFIRMATIVE DEFENSE**

17    (Failure to State Facts Sufficient to Constitute a Cause of Action)

18    As a first and separate defense, and solely by way of an alternative defense, not to be

19    construed as an admission, Individual Defendants allege that the Complaint and each cause of

20    action (and count) therein fails to state facts sufficient to constitute a cause of action against

21    Individual Defendants.

22    **SECOND AFFIRMATIVE DEFENSE**

23    (Preemption by Federal Labor Law)

24    As a second and separate defense, and solely by way of an alternative defense, not to be

25    construed as an admission, Individual Defendants allege that to the extent that Plaintiff seeks

26    recovery for alleged injury caused by alleged actions that were governed by the terms of the

27    collective bargaining agreement between the Hyatt Regency San Francisco Airport and Stationary

28    Engineers Union, Local 39 (of which Plaintiff was a member), the exclusive remedy for such an

-16-

1  injury, if any, is governed by the mandatory arbitration clause of the collective bargaining

2  agreement pursuant to 29 U.S.C. § 185.

3  ### THIRD AFFIRMATIVE DEFENSE

4  (No Basis for Compensatory and/or Emotional Distress Damages)

5  As a third and separate defense, and solely by way of an alternative defense, not to be

6  construed as an admission, Individual Defendants allege that Plaintiff has failed to state facts

7  sufficient to provide a legal or factual basis to award compensatory damages or damages for

8  emotional distress to Plaintiff under any of the causes of action alleged in the Complaint.

9  ### FOURTH AFFIRMATIVE DEFENSE

10  (No Basis for Punitive Damages)

11  As a fourth and separate defense, and solely by way of an alternative defense, not to be

12  construed as an admission, Individual Defendants allege that Plaintiff has failed to state facts

13  sufficient to provide a legal or factual basis to award punitive damages under any causes of action

14  alleged in the Complaint, and further allege that excessive punitive damage awards violate the

15  due process clause of the United State Constitution and California Constitution.

16  ### FIFTH AFFIRMATIVE DEFENSE

17  (Punitive Damages Bar)

18  As a fifth and separate defense, and solely by way of an alternative defense, not to be

19  construed as an admission, Individual Defendants allege that any claim for punitive damages is

20  barred by California Civil Code Section 3294(b).

21  ### SIXTH AFFIRMATIVE DEFENSE

22  (No Basis for Attorneys' Fees)

23  As a sixth and separate defense, and solely by way of an alternative defense, not to be

24  construed as an admission, Individual Defendants allege that Plaintiff has failed to state facts

25  sufficient to provide legal or factual basis to award attorneys' fees or costs to Plaintiff.

26  ///

27  ///

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-17-

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1    **SEVENTH AFFIRMATIVE DEFENSE**

2    (Failure to Exhaust Administrative Remedies)

3    As a seventh and separate defense, and solely by way of an alternative defense, not to be

4    construed as an admission, Individual Defendants allege that Plaintiff's causes of action, or parts

5    therein, are barred to the extent that Plaintiff failed to exhaust her administrative remedies.

6    **EIGHTH AFFIRMATIVE DEFENSE**

7    (Privilege/Justification)

8    As an eighth and separate defense, and solely by way of an alternative defense, not to be

9    construed as an admission, Individual Defendants allege that their conduct toward Plaintiff, if

10    any, was privileged and/or justified.

11    **NINTH AFFIRMATIVE DEFENSE**

12    (No Malice/Good Faith Belief)

13    As a ninth and separate defense, and solely by way of an alternative defense, not to be

14    construed as an admission, Individual Defendants allege that at all time and places mentioned in

15    the Complaint, Individual Defendants acted reasonably, with due care, without malice, and with

16    good faith belief in the propriety of their conduct at all times material to the allegation in the

17    Complaint.

18    **TENTH AFFIRMATIVE DEFENSE**

19    (Barred by Workers' Compensation)

20    As a tenth and separate defense, and solely by way of an alternative defense, not to be

21    construed as an admission, Individual Defendants allege that to the extent that Plaintiff seeks

22    recovery for alleged pain, suffering, mental anguish and/or emotional distress, then, pursuant to

23    California Labor Code Section 3601, the exclusive remedy for such injury, if any, is governed by

24    the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq.*

25    **ELEVENTH AFFIRMATIVE DEFENSE**

26    (Plaintiff Unreasonably Failed to Utilize Procedures to Prevent Harassment/Discrimination)

27    As an eleventh and separate defense, and solely by way of an alternative defense, not to be

28    construed as an admission, Individual Defendants allege that Defendant Hyatt exercised

1  reasonable care to prevent and correct promptly any harassing and/or discriminatory behavior in

2  the workplace, including the implementation of a policy prohibiting harassment, which was in

3  place at all relevant times and known by the Plaintiff, and that if any harassment and/or

4  discrimination occurred, which Individual Defendants deny, Plaintiff unreasonably failed to use

5  any of the preventative and corrective measures provided by Defendant Hyatt.

6  **TWELFTH AFFIRMATIVE DEFENSE**

7  (Avoidable Consequences)

8  As a twelfth and separate defense, and solely by way of an alternative defense, not to be

9  construed as an admission, Individual Defendants allege that Defendant Hyatt exercised

10  reasonable care to prevent and promptly correct any purported harassing or discriminatory

11  behavior, and that if any harassment or discrimination of Plaintiff occurred (which Individual

12  Defendants deny), Plaintiff unreasonably failed to take advantage of any preventive or corrective

13  opportunities provided by Individual Defendants or to avoid harm otherwise, which would have

14  prevented at least some of the alleged injury suffered by Plaintiff.

15  **THIRTEENTH AFFIRMATIVE DEFENSE**

16  (Failure to Mitigate)

17  As a thirteenth and separate defense, and solely by way of an alternative defense, not to be

18  construed as an admission, Individual Defendants allege that Plaintiff's damages, if any, are

19  barred because she failed to mitigate damages, and any recovery of damages, if there be any,

20  should be reduced in the amount by which she should have mitigated those alleged damages.

21  **FOURTEENTH AFFIRMATIVE DEFENSE**

22  (Failure to Complain)

23  As a fourteenth and separate defense, and solely by way of an alternative defense, not to

24  be construed as an admission, Individual Defendants allege that to the extent that Plaintiff failed

25  to complain about certain acts or omissions alleged in the Complaint, such failure to complain

26  constitutes a bar to Plaintiff's recovery of any damages.

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-19-

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

(Statute of Limitations)

3      As a fifteenth and separate defense, and solely by way of an alternative defense, not to be

4   construed as an admission, Individual Defendants allege that the causes of action alleged against

5   them, or parts therein, are barred by the applicable statute of limitations, including but not limited

6   to those set forth in California Gov't Code Section 12960 and California Code of Civil Procedure

7   Section 340.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9

(Laches)

10      As a sixteenth and separate defense, and solely by way of an alternative defense, not to be

11   construed as an admission, Individual Defendants allege that Plaintiff's delay in asserting her

12   alleged claims bars her claims set forth in the Complaint by the doctrine of laches.

13

## SEVENTEENTH AFFIRMATIVE DEFENSE

14

(Waiver/Estoppel/Unclean Hands)

15      As a seventeenth and separate defense, and solely by way of an alternative defense, not to

16   be construed as an admission, Individual Defendants allege that Plaintiff's recovery in this action

17   is barred by the doctrines of waiver, estoppel, and unclean hands in connection with her job

18   performance and conduct.

19

## EIGHTEENTH AFFIRMATIVE DEFENSE

20

(No Injury to Plaintiff)

21      As an eighteenth and separate defense, and solely by way of an alternative defense, not to

22   be construed as an admission, Individual Defendants allege that Plaintiff has not suffered any

23   injury, damage, loss or harm due to any actions by the Individual Defendants.

24

## RESERVATION OF DEFENSES

25      Individual Defendants reserve the right to raise additional affirmative defenses as they

26   become known during the course of litigation.

27      WHEREFORE, Individual Defendants pray for judgment as follows:

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP

1     1.     That judgment be entered in favor of Individual Defendants and that Plaintiff take

2  nothing by her Complaint;

3     2.     That the Complaint herein be dismissed;

4     3.     That Individual Defendants be awarded their costs of suit incurred in the defense

5  of this action, including attorneys' fees; and

6     4.     That Individual Defendants be awarded such other and further relief as the Court

7  deems proper.

9  Dated: December 3, 2007         FOLGER LEVIN & KAHN LLP

10        /s/ *Lisa M. van Krieken*
        Lisa M. van Krieken
11        Attorneys for Defendants
        Hyatt Corporation dba Hyatt Regency San Francisco
12        Airport, Jimmy Flores, Ron Gray, Tom Phipps
        and Jose Reyes

14  47903\5035\577944.1

INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO CV 07 5936 MHP