FOLGER LEVIN & KAHN LLP
Lisa M. van Krieken (CSB No. 121808, lvankrieken@flk.com)
Genevieve E. Evarts (CSB No. 226874, gevarts@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendants Hyatt Corporation
dba Hyatt Regency San Francisco Airport, Jimmy
Flores, Ron Gray, Tom Phipps and Jose Reyes


M.G. TEODORO LAW
May Antoinette G. Teodoro (CSB No. 169494, mgteodoro@aol.com)
1625 The Alameda, Suite 800
San Jose, CA 95126
(408) 491-9756

Attorney for Plaintiff Throy Otanes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THROY OTANES,<br><br>        Plaintiff,<br><br>    v.<br><br>HYATT REGENCY HOTEL (BURLINGAME), JIMMY FLORES, RON GRAY, TOM PHIPPS, JOSE REYES, and DOES ONE through FIFTY,<br><br>        Defendants. | Case No.  CV 07 5936 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br><br>Complaint Filed in State Court:  May 15, 2007 |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties to the above-entitled action, defendants Hyatt Corporation dba Hyatt Regency San Francisco Airport, Jimmy Flores, Ron Gray, Tom Phipps and Jose Reyes (collectively "Defendants"), and plaintiff Throy Otanes ("Plaintiff"), jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## I. Jurisdiction and Service

Defendants removed this action to federal court on November 26, 2007 pursuant to 28 U.S.C. § 1441(b) because Plaintiff's complaint states a claim arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* This court has original jurisdiction under 28 U.S.C. § 1331.

## II. Facts

Plaintiff Throy Otanes was hired as a doorperson in 1997 by the Hyatt Regency San Francisco Airport ("the Hotel"). Plaintiff began working for the Hotel as a utility engineer in October 1999. She was a member of the International Union of Operating Engineers, Stationary Local 39, and the terms of her employment were covered by a collective bargaining agreement between Local 39 and the Hotel. She was terminated from her employment on May 24, 2005.

Defendants assert that Plaintiff was terminated based on performance problems that are well-documented in her human resources file, including negative performance reviews, written warnings, final written warnings and a 5-day suspension, which spanned from Summer 2002 up to and finally resulting in Plaintiff's termination from the Hotel on May 24, 2005. After she was terminated, Plaintiff filed a grievance with her Union that was ultimately scheduled for arbitration. One full day of arbitration was held at which the Hotel's witnesses testified, but Plaintiff then failed to appear for the second day of arbitration, and the Union withdrew the grievance on her behalf.

Plaintiff asserts that her employment at the Hotel as a utility engineer was essentially uneventful from 1999 to sometime in late 2001 when she complained to the Hotel about certain offensive conduct exhibited by Jimmy Flores, one of the individual defendants in the case. Plaintiff asserts she was thereafter subjected to various forms of harassment and acts of discrimination by the named individual defendants, some impacting directly on her performance as utility engineer and others created or staged to ensure that she failed at her duties as utility engineer, which the Hotel failed to adequately address.

Plaintiff then filed a DFEH complaint in May 2006 and her lawsuit herein in May 2007

(which was not served on the individual defendants until late October 2007), alleging claims for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) discrimination (race-based discrimination, age-based discrimination, discrimination based on sex, and discrimination based on sexual orientation); (4) intentional infliction of emotional distress; and (5) failure to take steps to prevent harassment.  Defendants assert that Plaintiff's first two causes of action are preempted by federal labor law, and deny that Plaintiff was harassed and discriminated against in the workplace based on her race, age, sex or sexual orientation.

Factual Issues In Dispute

The following principal factual issues are in dispute between the parties:

1. Was Plaintiff discriminated against or harassed based on her race, age, sex or sexual orientation?
2. Did Plaintiff ever complain of any harassment in the workplace?
3. Was Plaintiff terminated in breach of contract?
4. What damages, if any, did Plaintiff sustain as a result of the conduct alleged in her complaint?
5. Did Defendants intentionally inflict emotional distress on Plaintiff?
6. Did Defendant Hyatt fail to take steps to prevent harassment?
7. Do any facts demonstrate a basis to award punitive damages to Plaintiff?

**III.    Legal Issues**

The following principle legal issues are in dispute between the parties:

1. Are Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing preempted by federal labor law?
2. Can Plaintiff establish a *prima facie* case of race, age, sex or sexual orientation discrimination?
3. If Plaintiff can establish a *prima facie* case of race, age, sex, or sexual orientation discrimination, can Defendants articulate a legitimate non-discriminatory reason for their actions taken with regard to Plaintiff?

    4. If Plaintiff can establish a *prima facie* case of race, age, sex or sexual orientation discrimination and Defendants can demonstrate a legitimate non-discriminatory reason for its actions with regard to Plaintiff, can Plaintiff establish by a preponderance of the evidence that the proffered reason was a pretext for unlawful discrimination?

    5. Can Plaintiff establish that she was harassed on the basis of her race, age, sex or sexual orientation?

    6. Can Plaintiff establish that she complained of such harassment?

    7. Can Plaintiff establish that such harassment was severe or pervasive?

    8. Can Plaintiff establish that Defendant Hyatt failed to take steps to prevent such harassment?

    9. Can Plaintiff prove by a preponderance of the evidence that Defendants intentionally inflicted emotional distress on Plaintiff?

    10. What damages, if any, did Plaintiff sustain as a result of the conduct alleged in her complaint?

    11. Is there any legal basis to award punitive damages to Plaintiff?

**IV. Motions**

There are no prior or pending motions in this matter. Defendants currently anticipate that they will file a motion for summary judgment.

**V. Amendment of Pleadings**

Not applicable.

**VI. Evidence Preservation**

Defendant Hyatt Corporation has been advised of its obligations to preserve documents and electronic evidence relevant to the issues reasonably evident in this matter.

**VII. Disclosures**

Pursuant to a verbal stipulation between counsel, Defendants and Plaintiff have agreed that they shall exchange their Initial Disclosures on or before March 20, 2008.

**VIII.  Discovery**

The parties have not taken any discovery to date, but the parties propose the following modifications to the discovery rules:

<u>Depositions</u>:  Defendants request permission to take Plaintiff's deposition for a total of 21 hours rather than 7 hours.

<u>Interrogatories</u>:  Limited to twenty-five (25) per side.

<u>Document requests</u>:  Limited to thirty-five (35) per side.

<u>Request for Admissions</u>:  Limited to twenty-five (25) per side (except that requests for admission of the authenticity of documents shall be limited to 100 rather than 35).

**IX.  Class Actions**

Not applicable.

**X.  Related Cases**

Not applicable.

**XI.  Relief**

Plaintiff claims contract and tort damage, including but not limited to lost wages and other employment benefits, pain and suffering, etc.  Defendant does not believe that Plaintiff has suffered any damages based on the conduct described in the Complaint or that there is any legal basis upon which punitive damages should be awarded to Plaintiff.

**XII.  Settlement and ADR**

Pursuant to the Joint Stipulation and Proposed Order Selecting ADR Process filed by the parties on February 19, 2008, the parties are willing to engage in <u>Early Neutral Evaluation</u>.

**XIII.  Consent to Magistrate Judge for All Purposes**

Defendants do not consent to have a magistrate judge conduct all further proceedings in this matter.

**XIV.  Other References**

Not applicable.

**XV.  Narrowing of Issues**

Defendants believe that Plaintiff's claims for breach of contract and breach of the

-5-

covenant of good faith and fair dealing are preempted by federal labor law and should therefore be dismissed.

## XVI. Expedited Schedule

Not applicable.

## XVII. Scheduling

The parties are in the process of scheduling the Early Neutral Evaluation in this matter. The parties suggest that a further Case Management Conference be held after the parties complete ADR so that realistic scheduling deadlines can be agreed upon by the parties at that time.

Nevertheless, the parties tentatively propose the following scheduling deadlines:

| | | |
|---|---|---|
| A. | Non-Expert Discovery Cut-off: | August 15, 2008 |
| B. | Designation of Experts: (Parties shall conform to Fed.R.Civ.P. 26(a)(2)) | August 30, 2008 |
| C. | Expert Discovery Cut-off: | September 30, 2008 |
| D. | Dispositive Motions (Last Day for Hearing): | October 6, 2008 |
| E. | Pre-Trial Conference: | January 12, 2009 |
| F. | Trial: | January 19, 2009 |

## XVIII. Trial

The parties expect that the trial will last for approximately five to seven days.

## XIX. Disclosure of Non-party Interested Entities or Persons

Defendants filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16 on December 19, 2007. Defendants certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Plaintiff Throy Otanes; Defendant Hyatt Corporation d/b/a Hyatt Regency San Francisco Airport; Individual Defendants Jimmy Flores, Ron Gray, Tom Phipps and Jose Reyes; St. Paul Mercury; and Travelers.

1 **XX.   Identification of Lead Trial Counsel**

2 <u>For Plaintiff</u>:  May Antoinette G. Teodoro, M.G. Teodoro Law, 1625 The Alameda, Suite 800, San Jose, CA 95126, (408) 491-9756.

<u>For Defendants</u>:  Lisa M. van Krieken, Folger Levin & Kahn LLP, 275 Battery Street, 23rd Floor, San Francisco, CA 94111, (415) 986-2800.

Dated: March 3, 2008                                     FOLGER LEVIN & KAHN LLP

/s/ ***Lisa M. van Krieken***

Lisa M. van Krieken
Attorneys for Defendants Hyatt Corporation dba Hyatt Regency San Francisco Airport, Jimmy Flores, Ron Gray, Tom Phipps and Jose Reyes

Dated:  March 3, 2008                                     M.G. TEODORO LAW

/s/ ***May Antoinette G. Teodoro***
(as approved 2/28/08)

May Antoinette G. Teodoro
Attorney for Plaintiff Throy Otanes

-7-

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND [PROPOSED] ORDER; CASE NO. CV 07 5936 MHP

**PROPOSED ORDER**

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-9(b).

The foregoing joint statement is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

**Dated:** _____

**MARILYN HALL PATEL**
**United States District Court Judge**

47903\5035\589769.3

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND [PROPOSED] ORDER; CASE NO. CV 07 5936 MHP