1   FOLGER LEVIN & KAHN LLP
    Lisa M. van Krieken (CSB No. 121808, lvankrieken@flk.com)
2   Genevieve E. Evarts (CSB No. 226874, gevarts@flk.com)
    Embarcadero Center West
3   275 Battery Street, 23rd Floor
    San Francisco, CA  94111
4   Telephone: (415) 986-2800
    Facsimile: (415) 986-2827
5
    Attorneys for Defendants Hyatt Corporation
6   dba Hyatt Regency San Francisco Airport, Jimmy
    Flores, Ron Gray, Tom Phipps and Jose Reyes
7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  THROY OTANES,                          Case No. CV 07 5936 MHP

12              Plaintiff,                 **DEFENDANT HYATT CORPORATION'S
                                           ANSWER TO PLAINTIFF'S COMPLAINT**
13       v.                                **FOR WRONGFUL DISCHARGE ARISING
                                           FROM BREACH OF CONTRACT,**
14  HYATT REGENCY HOTEL                     **BREACH OF COVENANT OF GOOD
    (BURLINGAME), JIMMY FLORES,             FAITH & FAIR DEALING, RACE-BASED**
15  RON GRAY, TOM PHIPPS, JOSE              **DISCRIMINATION, DISCRIMINATION
    REYES, and DOES ONE through FIFTY,      BASED ON SEX, AGE, AND SEXUAL**
16                                          **ORIENTATION, INTENTIONAL
                Defendants.                 INFLICTION OF EMOTIONAL**
17                                          **DISTRESS, AND FAILURE TO PREVENT
                                           DISCRIMINATION**
18
                                           Complaint Filed in State Court: May 15, 2007
19

20          Defendant Hyatt Corporation dba Hyatt Regency San Francisco Airport ("Defendant

21  Hyatt" or the "Hotel") (erroneously named herein as "Hyatt Regency Hotel (Burlingame)")

22  hereby answers the Complaint for Wrongful Discharge Arising from Breach of Contract, Breach

23  of Covenant of Good Faith and Fair Dealing, Raced-Based Discrimination, Discrimination Based

24  on Age, Sex, Sexual Orientation, Intentional Infliction of Emotional Distress, and Failure to

25  Prevent Discrimination ("Complaint") filed by plaintiff Throy Otanes ("Plaintiff") in the above-

26  captioned matter as follows:

27      **ANSWER TO PARAGRAPHS ENTITLED "JURISDICTIONAL ALLEGATIONS"**

28          1.      Answering Paragraph 1 of the Complaint, Defendant Hyatt admits that the Hyatt

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1  Regency San Francisco Airport hotel does business in the County of San Mateo, State of
2  California.

3       2.      Answering Paragraph 2 of the Complaint, Defendant Hyatt admits that Jimmy
4  Flores, Ron Gray, Tom Phipps, and Jose Reyes are individuals and employees of Hyatt
5  Corporation dba Hyatt Regency San Francisco Airport.

6       3.      Defendant Hyatt has no information or belief on the subject sufficient to enable it
7  to answer the allegations contained in Paragraph 3 of the Complaint, and basing its denial on that
8  ground, denies generally and specifically each and every allegation contained in said paragraph.

9       4.      Defendant Hyatt denies generally and specifically each and every allegation
10 contained in Paragraph 4 of the Complaint, except that Defendant Hyatt asserts that Plaintiff was
11 a union employee covered by a written collective bargaining agreement between International
12 Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the Hyatt Regency
13 San Francisco Airport ("the hotel"), which written agreement covered the terms and conditions of
14 Plaintiff's employment in San Mateo County, California.

15      5.      Defendant Hyatt denies generally and specifically each and every allegation
16 contained in Paragraph 5 of the Complaint.

17      6.      Defendant Hyatt has no information or belief on the subject sufficient to enable it
18 to answer the allegations contained in Paragraph 6 of the Complaint, and basing its denial on that
19 ground, denies generally and specifically each and every allegation contained in said paragraph.

20      7.      Defendant Hyatt has no information or belief on the subject sufficient to enable it
21 to answer the allegations contained in Paragraph 7 of the Complaint, and basing its denial on that
22 ground, denies generally and specifically each and every allegation contained in said paragraph.

23      **ANSWER TO PARAGRAPHS ENTITLED "GENERAL ALLEGATIONS"**

24      8.      Answering Paragraph 8 of the Complaint wherein Plaintiff incorporates
25 Paragraphs 1 through 7 of the Complaint, Defendant Hyatt realleges and hereby incorporates by
26 this reference its responses to said paragraphs as though fully set forth herein.

27      9.      Answering Paragraph 9 of the Complaint, Defendant Hyatt admits that Plaintiff
28 was hired by the Hyatt Regency San Francisco Airport on February 7, 1997 as a Houseperson and

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1   later became a Doorperson in August 1999.

2          10.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

3   to answer the allegations contained in Paragraph 10 of the Complaint, and basing its denial on

4   that ground, denies generally and specifically each and every allegation contained in said

5   paragraph, except that Defendant Hyatt admits that Plaintiff is female and that she was openly

6   gay and her sexual orientation was known to many co-workers.

7          11.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

8   to answer the allegations contained in Paragraph 11 of the Complaint, and basing its denial on

9   that ground, denies generally and specifically each and every allegation contained in said

10  paragraph, except that Defendant Hyatt admits that Plaintiff began work as a utility engineer at

11  the hotel in October 1999.

12         12.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

13  to answer the allegations contained in Paragraph 12 of the Complaint, and basing its denial on

14  that ground, denies generally and specifically each and every allegation contained in said

15  paragraph, except that Defendant Hyatt admits that as a utility engineer, Plaintiff was tasked to do

16  various minor repair work and minor electrical repair work.  However, Defendant Hyatt denies

17  that minor electrical work does not include lockout/tagout electrical work, and specifically alleges

18  that Plaintiff was trained many times in lockout/tagout procedures at the hotel, as were other

19  utility engineers.

20         13.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

21  to answer the allegations contained in Paragraph 13 of the Complaint, and basing its denial on

22  that ground, denies generally and specifically each and every allegation contained in said

23  paragraph, except that Defendant Hyatt admits that when Plaintiff worked as a utility engineer at

24  the hotel, she initially was assigned Unit 8 work (rooms preventative maintenance), but at her

25  request, performed both Unit 7 and Unit 8 work, which are both utility engineer assignments.

26         14.    Defendant Hyatt denies specifically and generally each and every allegation

27  contained in paragraph 14 of the Complaint, except that Defendant Hyatt admits that Plaintiff was

28  initially doing Unit 8 work until she requested to be assigned to Unit 7 work in 2002.  Defendant

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    Hyatt denies that Plaintiff did no Unit 7 work prior to 2002.  Defendant Hyatt denies that Plaintiff

2    was doing her work satisfactorily and alleges that Plaintiff frequently requested help from

3    Individual Defendants Tom Phipps, Jimmy Flores, Jose Reyes (the "Individual Defendants") and

4    other employees when she was performing her work as a utility engineer.

5         15.    Defendant Hyatt denies generally and specifically each and every allegation

6    contained in Paragraph 15 on page 4 of the Complaint, except that Defendant Hyatt admits that

7    Individual Defendant Jose Reyes is a utility engineer.  Individual Defendants Tom Phipps and

8    Ron Gray are maintenance engineers, and Individual Defendant Jimmy Flores is a painter.

9    Defendant Hyatt also admits that in 2005, Mark Hergert was promoted to Assistant Director of

10   Engineering and assumed supervisory responsibilities in the hotel's engineering department.

11        16.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

12   to answer the allegations contained in Paragraph 16 on page 4 of the Complaint, and basing its

13   denial on that ground, denies generally and specifically each and every allegation contained in

14   said paragraph, and Defendant Hyatt further asserts that Plaintiff never made any such allegations

15   at any time during her employment.

16        17.    Defendant Hyatt denies generally and specifically each and every allegation

17   contained in Paragraph 17 on page 4 of the Complaint, and further denies that Plaintiff ever made

18   any such allegations about Defendant Jimmy Flores at any time during her employment, except

19   that Defendant Hyatt admits that at some point, Plaintiff complained to the Hotel's Human

20   Resources department alleging that two other engineering employees, "Al" and "Arnel", were

21   coming in to guest rooms in which she was working, borrowing tools, gossiping, annoying her,

22   telling her that Unit 7 work was very hard, and asking her if Individual Defendant Jimmy Flores

23   (a painter), was doing his job on Sundays (a day that she worked with Mr. Flores), and that she

24   also complained that Mr. Flores sometimes talked to her as well, telling her that Unit 7 work was

25   harder than Unit 8 work.  Defendant Hyatt has no information or belief on the subject sufficient to

26   enable it to answer the allegation contained in the last sentence of Paragraph 17 on page 4 of the

27   Complaint, and basing its denial on that ground, denies generally and specifically each and every

28   allegation contained in said sentence.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW
-4-
DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    18.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

2    to answer the allegations contained in Paragraph 18 on page 5 of the Complaint, and basing its

3    denial on that ground, denies generally and specifically each and every allegation contained in

4    said paragraph, and Defendant Hyatt further asserts that Plaintiff never made any such allegations

5    at any time during her employment.

6    19.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

7    to answer the allegations contained in Paragraph 19 on page 5 of the Complaint, and basing its

8    denial on that ground, denies generally and specifically each and every allegation contained in

9    said paragraph.  Defendant Hyatt further denies specifically and generally that Individual

10    Defendant Jimmy Flores was in Unit 7.

11    $15_2$.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

12    to answer the allegations contained in Paragraph $15_2$ (the second paragraph 15 contained in the

13    Complaint) on page 5 of the Complaint, and basing its denial on that ground, denies generally and

14    specifically each and every allegation contained in said paragraph, except that Defendant Hyatt

15    admits that at some point in 2002, at her specific request, Plaintiff was assigned Unit 7 work

16    because she stated that she should be assigned Unit 7 work due to her seniority.

17    $16_2$.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

18    to answer the allegations contained in Paragraph $16_2$ (the second paragraph 16 contained in the

19    Complaint) on page 5 of the Complaint, and basing its denial on that ground, denies generally and

20    specifically each and every allegation contained in said paragraph, except that Defendant Hyatt

21    admits that at some point, Plaintiff may have been the only female utility engineer at the hotel;

22    however, Defendant Hyatt also alleges that there previously had been another female utility

23    engineer at the hotel named Jennifer Schaff, who subsequently became an apprentice engineer,

24    and who then subsequently was promoted to maintenance engineer, then was promoted to

25    Assistant Director of Engineering (supervising both Individual Defendants and Plaintiff), and

26    then was promoted to Director of Engineering at a different Hyatt hotel.

27    $17_2$.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

28    to answer the allegations contained in Paragraph $17_2$ (the second paragraph 17 contained in the

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-    DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

Complaint) on page 5 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt alleges that Plaintiff would have known prior to her assignment to Unit 7 work whether the utility engineers performing Unit 7 work were all males, since Plaintiff knew all of the engineers in the Engineering Department.  Defendant Hyatt further specifically denies that Tom Phipps, Ron Gray and Jimmy Flores performed Unit 7 work.

$18_2$.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph $18_2$  (the second paragraph 18 contained in the Complaint) on pages 5-6 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt denies that Plaintiff was not given any training for Unit 7 work, inasmuch as all engineers in the hotel received extensive training, including Plaintiff, and Plaintiff also was given additional individual training due to her performance problems.

$19_2$.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph $19_2$ (the second paragraph 19 contained in the Complaint) on page 6 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt also specifically denies that Plaintiff was "learning on the job" in 2002, as she already should have had the ability to perform Unit 7 work, having worked as a utility engineer for three years. Defendant Hyatt also admits that Plaintiff received a poor performance evaluation in December 2003.

20.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 20 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Larry Builta, then the Hotel's Director of Engineering, had conversations with Plaintiff regarding her performance problems, and that Plaintiff was unhappy with the demands of Unit 7 utility engineering work, which can be more demanding than Unit 8 work, as it requires prompt responses to guest requests as opposed to

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-6-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    merely preventive maintenance work.

2         21.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

3    to answer the allegations contained in Paragraph 21 of the Complaint, and basing its denial on

4    that ground, denies generally and specifically each and every allegation contained in said

5    paragraph, except that Defendant Hyatt admits that Plaintiff was put back on Unit 8 Rooms

6    Preventative Maintenance in August 2003.

7         22.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

8    to answer the allegations contained in Paragraph 22 of the Complaint, and basing its denial on

9    that ground, denies generally and specifically each and every allegation contained in said

10   paragraph, except that Defendant Hyatt admits that Plaintiff began performing Unit 7 Guest

11   Requests two days per week in 2005 based on the hotel's operational needs.

12        23.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

13   to answer the allegations contained in Paragraph 23 of the Complaint, and basing its denial on

14   that ground, denies generally and specifically each and every allegation contained in said

15   paragraph, except that Defendant Hyatt also specifically denies that Plaintiff was "enduring the

16   problems of training herself on the job," because Plaintiff attended extensive training for

17   engineering work in 2005.  Defendant Hyatt further responds as follows.

18        23(a).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

19   to answer the allegations contained in Paragraph 23(a) of the Complaint, and basing its denial on

20   that ground, denies generally and specifically each and every allegation contained in said

21   paragraph, and further asserts that Plaintiff never made any such allegations at any time during

22   her employment.

23        23(b).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

24   to answer the allegations contained in Paragraph 23(b) of the Complaint, and basing its denial on

25   that ground, denies generally and specifically each and every allegation contained in said

26   paragraph, and further asserts that Plaintiff never made any such allegations at any time during

27   her employment.

28        23(c).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-7-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1   to answer the allegations contained in Paragraph 23(c) of the Complaint, and basing its denial on

2   that ground, denies generally and specifically each and every allegation contained in said

3   paragraph, and further asserts that Plaintiff never made any such allegations at any time during

4   her employment.

5         23(d).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

6   to answer the allegations contained in Paragraph 23(d) of the Complaint, and basing its denial on

7   that ground, denies generally and specifically each and every allegation contained in said

8   paragraph, except that Defendant Hyatt admits that Mark Hergert was promoted to Assistant

9   Director of Engineering in 2005.

10        24.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

11  to answer the allegations contained in Paragraph 24 of the Complaint, and basing its denial on

12  that ground, denies generally and specifically each and every allegation contained in said

13  paragraph, except that Defendant Hyatt admits that Plaintiff was assigned to perform a plumbing

14  repair job on April 18, 2005 as part of her job responsibilities as a utility engineer, and that

15  although Plaintiff was assigned the task, Individual Defendant Tom Phipps completed the

16  plumbing repair job for her after Plaintiff called on her radio for assistance.

17        25.    Defendant Hyatt denies generally and specifically each and every allegation

18  contained in Paragraph 25 of the Complaint, except that Defendant Hyatt admits that Plaintiff was

19  given a Final Written Warning and was suspended for five days by the hotel in April 2005 in lieu

20  of termination for failing to perform work satisfactorily, safely and effectively.

21        26.    Defendant denies generally and specifically each and every allegation contained in

22        Paragraph 26 of the Complaint, except that Hyatt admits Plaintiff was assigned on May

23  16, 2006 to respond to a guest call regarding a broken hair dryer, that she called for assistance

24  regarding the call, that Individual Defendant Ron Gray assisted Plaintiff in connection with the

25  minor electrical assignment of checking on the electrical receptacle in the guest room, showed

26  Plaintiff how to use her voltmeter, showed Plaintiff the simple steps to replace the receptacle, and

27  reminded her to do the necessary lockout/tagout procedure, and that Plaintiff then confirmed that

28  she was able to complete the job; however, Plaintiff then was not able to complete the job, failed

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-8-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1   to perform normal lockout/tagout procedures, and subsequently another utility engineer had to

2   complete the job for her after her shift ended.  Defendant also admits that Plaintiff was suspended

3   pending investigation on May 23, 2005.

4        27.    Defendant denies generally and specifically each and every allegation contained in

5   Paragraph 27 of the Complaint, except that Defendant Hyatt admits Plaintiff was called to Human

6   Resources on May 23, 2005.

7        28.    Defendant Hyatt admits that Plaintiff was discharged from her employment on

8   May 24, 2005.

9        29.    Defendant Hyatt denies generally and specifically each and every allegation

10  contained in Paragraph 29 of the Complaint.

11       30.    Defendant Hyatt denies generally and specifically each and every allegation

12  contained in Paragraph 30 of the Complaint.

13  ## ANSWER TO FIRST CAUSE OF ACTION

14  (Breach of Contract) (Against Defendant Hyatt only)

15       31.    Answering Paragraph 31 of the Complaint wherein Plaintiff incorporates

16  Paragraphs 1 through 30 (including the duplicative-numbered paragraphs) of the Complaint,

17  Defendant realleges and hereby incorporates by this reference its responses to said paragraphs as

18  though fully set forth herein.

19       32.    Defendant Hyatt admits that Plaintiff was hired by the Hyatt Regency San

20  Francisco Airport on February 7, 1997 and was terminated from her employment on May 24,

21  2005.  Defendant Hyatt further asserts that Plaintiff's breach of contract cause of action is

22  preempted by federal labor law.

23       33.    Defendant Hyatt denies generally and specifically each and every allegation

24  contained in Paragraph 33 of the Complaint, except that Defendant Hyatt admits that Plaintiff

25  received salary increases during her employment as a utility engineer pursuant to the required

26  wage increases mandated under the Local 39 collective bargaining agreement which were in no

27  way based upon performance.  Defendant specifically denies that Plaintiff was not given training

28  regarding Unit 7 work, inasmuch as all engineers in the hotel received extensive training,

Folger Levin &
Kahn llp
Attorneys At Law

-9-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    including Plaintiff.  Defendant Hyatt further asserts that Plaintiff's breach of contract cause of

2    action is preempted by federal labor law.

3         34.    Defendant Hyatt denies generally and specifically each and every allegation

4    contained in Paragraph 34 of the Complaint, except that Defendant Hyatt alleges that Plaintiff

5    was a union employee covered by a written collective bargaining agreement between

6    International Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the

7    Hyatt Regency San Francisco Airport ("the hotel"), which written agreement covered the terms

8    and conditions of Plaintiff's employment.  Defendant Hyatt further asserts that Plaintiff's breach

9    of contract cause of action is preempted by federal labor law.

10        35.    Defendant Hyatt denies generally and specifically each and every allegation

11   contained in Paragraph 35 of the Complaint, and Defendant Hyatt asserts that an "adequate and

12   effective investigation" was conducted by the Hotel.  Defendant Hyatt further asserts that

13   Plaintiff's breach of contract cause of action is preempted by federal labor law.

14        36.    Defendant Hyatt denies generally and specifically each and every allegation

15   contained in Paragraph 36 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

16   breach of contract cause of action is preempted by federal labor law.

17        37.    Defendant Hyatt denies generally and specifically each and every allegation

18   contained in Paragraph 37 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

19   breach of contract cause of action is preempted by federal labor law.

20        38.    Defendant Hyatt denies generally and specifically each and every allegation

21   contained in Paragraph 38 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

22   breach of contract cause of action is preempted by federal labor law.

23                    **ANSWER TO SECOND CAUSE OF ACTION**

24        (Breach of Covenant of Good Faith and Fair Dealing) (Against Defendant Hyatt only)

25        39.    Answering Paragraph 39 of the Complaint wherein Plaintiff incorporates

26   Paragraphs 1 through 38 of the Complaint (including the duplicative-numbered paragraphs),

27   Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

28   paragraphs as though fully set forth herein.

1    40.    Defendant Hyatt denies generally and specifically each and every allegation

2    contained in Paragraph 40 of the Complaint, except that Defendant Hyatt alleges that Plaintiff

3    was a union employee covered by a written collective bargaining agreement between

4    International Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the

5    Hyatt Regency San Francisco Airport ("the hotel"), which written agreement covered the terms

6    and conditions of Plaintiff's employment.  Defendant Hyatt further asserts that Plaintiff's breach

7    of the covenant of good faith and fair dealing cause of action is preempted by federal labor law.

8    41.    Defendant Hyatt denies generally and specifically each and every allegation

9    contained in Paragraph 41 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

10    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

11    law.

12    42.    Defendant Hyatt denies generally and specifically each and every allegation

13    contained in Paragraph 42 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

14    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

15    law.

16    43.    Defendant Hyatt denies generally and specifically each and every allegation

17    contained in Paragraph 43 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

18    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

19    law.

20    44.    Defendant Hyatt denies generally and specifically each and every allegation

21    contained in Paragraph 44 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

22    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

23    law.

24    ## ANSWER TO THIRD CAUSE OF ACTION

25    (Discrimination)

26    ## ANSWER TO COUNT 1

27    (Race-Based Discrimination)

28    45.    Answering Paragraph 45 of the Complaint wherein Plaintiff incorporates

1  Paragraphs 1 through 44 of the Complaint (including the duplicative-numbered paragraphs),

2  Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

3  paragraphs as though fully set forth herein.

4         46.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

5  to answer the allegations contained in Paragraph 46 of the Complaint, and basing its denial on

6  that ground, denies generally and specifically each and every allegation contained in said

7  paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of

8  Paragraph 46 of the Complaint.

9         47.    Defendant Hyatt denies generally and specifically each and every allegation

10  contained in Paragraph 47 of the Complaint, except that Defendant Hyatt admits that Plaintiff's

11  employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that

12  Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was

13  "subjected to different terms, conditions and privileges of employment than those to which

14  Defendant subjected similarly situated employees, on account of her race and national origin."

15         48.    Defendant Hyatt denies generally and specifically each and every allegation

16  contained in Paragraph 48 of the Complaint.

17         49.    Defendant Hyatt denies generally and specifically each and every allegation

18  contained in Paragraph 49 of the Complaint.

19         50.    Defendant Hyatt denies generally and specifically each and every allegation

20  contained in Paragraph 50 of the Complaint.  Defendant Hyatt further asserts that any allegations

21  regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

22  her administrative remedies with respect to any such allegations.

23         51.    Defendant Hyatt denies generally and specifically each and every allegation

24  contained in Paragraph 51 of the Complaint.  Defendant Hyatt further asserts that any allegations

25  regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

26  her administrative remedies with respect to any such allegations.

27         52.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

28  to answer the allegations contained in Paragraph 52 of the Complaint, and basing its denial on

1   that ground, denies generally and specifically each and every allegation contained in said

2   paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

3   Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

4   of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

5   asserts that any allegations regarding harassment or hostile work environment are barred because

6   Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

7       53.    Defendant Hyatt denies generally and specifically each and every allegation

8   contained in Paragraph 53 of the Complaint.

9       54.    Defendant Hyatt denies generally and specifically each and every allegation

10   contained in Paragraph 54 of the Complaint.

11       55.    Defendant Hyatt denies generally and specifically each and every allegation

12   contained in Paragraph 55 of the Complaint.

13                          **ANSWER TO COUNT 2**

14                          (Age-Based Discrimination)

15       56.    Answering Paragraph 56 of the Complaint wherein Plaintiff incorporates

16   Paragraphs 1 through 55 of the Complaint (including the duplicative-numbered paragraphs),

17   Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

18   paragraphs as though fully set forth herein.

19       57.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

20   to answer the allegations contained in Paragraph 57 of the Complaint, and basing its denial on

21   that ground, denies generally and specifically each and every allegation contained in said

22   paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of

23   Paragraph 57 of the Complaint.

24       58.    Defendant Hyatt denies generally and specifically each and every allegation

25   contained in Paragraph 58 of the Complaint, except that Defendant Hyatt admits that Plaintiff's

26   employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that

27   Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was

28   "subjected to different terms, conditions and privileges of employment than those to which

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-13-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    Defendant subjected similarly situated employees, on account of her age."

2         59.    Defendant Hyatt denies generally and specifically each and every allegation

3    contained in Paragraph 59 of the Complaint.

4         60.    Defendant Hyatt denies generally and specifically each and every allegation

5    contained in Paragraph 60 of the Complaint.  Defendant Hyatt further asserts that any allegations

6    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

7    her administrative remedies with respect to any such allegations.

8         61.    Defendant Hyatt denies generally and specifically each and every allegation

9    contained in Paragraph 61 of the Complaint.  Defendant Hyatt asserts that any allegations

10   regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

11   her administrative remedies with respect to any such allegations.

12        62.    Defendant Hyatt denies generally and specifically each and every allegation

13   contained in Paragraph 62 of the Complaint.  Defendant Hyatt asserts that any allegations

14   regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

15   her administrative remedies with respect to any such allegations.

16        63.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

17   to answer the allegations contained in Paragraph 63 of the Complaint, and basing its denial on

18   that ground, denies generally and specifically each and every allegation contained in said

19   paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

20   Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

21   of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

22   further asserts that any allegations regarding harassment or hostile work environment are barred

23   because Plaintiff failed to exhaust her administrative remedies with respect to any such

24   allegations.

25        64.    Defendant Hyatt denies generally and specifically each and every allegation

26   contained in Paragraph 64 of the Complaint.

27        65.    Defendant Hyatt denies generally and specifically each and every allegation

28   contained in Paragraph 65 of the Complaint.

Folger Levin &
Kahn llp
Attorneys At Law

-14-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

66.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 66 of the Complaint.

## ANSWER TO COUNT 3

(Discrimination Based on Sex)

67.     Answering Paragraph 67 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 66 of the Complaint (including the duplicative-numbered paragraphs), Defendant Hyatt realleges and hereby incorporates by this reference its responses to said paragraphs as though fully set forth herein.

68.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 68 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of Paragraph 68 of the Complaint.  Defendant Hyatt also admits that Plaintiff is a female.

69.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 69 of the Complaint, except that Defendant Hyatt admits that Plaintiff's employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was "subjected to different terms, conditions and privileges of employment than those to which Defendant subjected similarly situated employees, on account of her sex."

70.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 70 of the Complaint.

71.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 71 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, and further asserts that Plaintiff never made any such allegations at any time during her employment.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-15-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

72.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 72 of the Complaint.  Defendant Hyatt further asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

73.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 73 of the Complaint.  Defendant Hyatt further asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

74.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 74 of the Complaint.  Defendant Hyatt further asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

75.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 75 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt further asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

76.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 76 of the Complaint.

77.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 77 of the Complaint.

78.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 78 of the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-16-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

## ANSWER TO COUNT 4

(Discrimination Based on Sexual Orientation)

79.     Answering Paragraph 79 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 78 of the Complaint (including the duplicative-numbered paragraphs), Defendant Hyatt realleges and hereby incorporates by this reference its responses to said paragraphs as though fully set forth herein.

80.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 80 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of Paragraph 80 of the Complaint.  Defendant Hyatt also admits that Plaintiff is female, and that she stated to co-workers that she was a lesbian.

81.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 81 of the Complaint, except that Defendant Hyatt admits that Plaintiff's employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was "subjected to different terms, conditions and privileges of employment than those to which Defendant subjected similarly situated employees, on account of her sex and/or her sexual orientation."

82.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 82 of the Complaint.

83.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 83 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, and further asserts that Plaintiff never made any such allegations at any time during her employment.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-17-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

84.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 84 of the Complaint.  Defendant Hyatt asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

85.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 85 of the Complaint.  Defendant Hyatt asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

86.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 86 of the Complaint.  Defendant Hyatt asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

87.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 87 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

88.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 88 of the Complaint.

89.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 89 of the Complaint.

90.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 90 of the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-18-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

## ANSWER TO FOURTH CAUSE OF ACTION

(Infliction of Emotional Distress)

## ANSWER TO COUNT 1

91.     Defendant Hyatt asserts that no response is required to Paragraph 91 of the Complaint because this count is alleged against Individual Defendants alone.

92.     Defendant Hyatt asserts that no response is required to Paragraph 92 of the Complaint because this count is alleged against Individual Defendants alone.

93.     Defendant Hyatt asserts that no response is required to Paragraph 93 of the Complaint because this count is alleged against Individual Defendants alone.

94.     Defendant Hyatt asserts that no response is required to Paragraph 94 of the Complaint because this count is alleged against Individual Defendants alone.

95.     Defendant Hyatt asserts that no response is required to Paragraph 95 of the Complaint because this count is alleged against Individual Defendants alone.

## ANSWER TO COUNT 2 (Against Defendant Hyatt Only)

96.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 96 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant denies that it failed to conduct a thorough, adequate and impartial investigation of any complaint made at any time, and further asserts that Plaintiff never made any harassment allegations at any time during her employment.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

96(a).  Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 96(a) of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt specifically denies that Plaintiff ever made any sexual harassment complaint at any time, and further specifically denies that its Human Resources personnel were "ill-equipped" to investigate a complaint by any employee, including Plaintiff.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-19-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1   Defendant Hyatt also asserts that any allegations regarding harassment or hostile work

2   environment are barred because Plaintiff failed to exhaust her administrative remedies with

3   respect to any such allegations.

4        96(b).  Defendant Hyatt denies generally and specifically each and every allegation

5   contained in Paragraph 96(b) of the Complaint, except that Defendant Hyatt admits that Plaintiff

6   was suspended pending investigation and later terminated effective May 24, 2005.

7        97.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

8   to answer the allegations contained in Paragraph 97 of the Complaint, and basing its denial on

9   that ground, denies generally and specifically each and every allegation contained in said

10   paragraph, except that Defendant Hyatt specifically denies that Plaintiff was "left on her own to

11   learn the new challenges of her job by herself," inasmuch as all engineers in the hotel received

12   extensive training, including and especially Plaintiff.

13        98.    Defendant Hyatt denies generally and specifically each and every allegation

14   contained in Paragraph 98 of the Complaint, except that Defendant has no information or belief

15   on the subject sufficient to enable it to answer the last clause of Paragraph 98.  Defendant Hyatt

16   asserts that any allegations regarding harassment or hostile work environment are barred because

17   Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

18        99.    Defendant Hyatt denies generally and specifically each and every allegation

19   contained in Paragraph 99 of the Complaint.

20        100.    Defendant Hyatt denies generally and specifically each and every allegation

21   contained in Paragraph 100 of the Complaint.

22                    **ANSWER TO FIFTH CAUSE OF ACTION**

23        (Failure to Take Steps to Prevent Discrimination) (Against Defendant Hyatt only)

24        101.    Answering Paragraph 101 of the Complaint wherein Plaintiff incorporates

25   Paragraphs 1 through 100 of the Complaint (including the duplicative-numbered paragraphs),

26   Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

27   paragraphs as though fully set forth herein.

28        102.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-20-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    to answer the allegations contained in Paragraph 102 of the Complaint, and basing its denial on

2    that ground, denies generally and specifically each and every allegation contained in said

3    paragraph, except that Defendant Hyatt asserts that no response is required to said paragraph.

4        103.    Defendant Hyatt denies generally and specifically each and every allegation

5    contained in Paragraph 103 of the Complaint.  Defendant Hyatt also asserts that any allegations

6    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

7    her administrative remedies with respect to any such allegations.

8        104.    Defendant Hyatt denies generally and specifically each and every allegation

9    contained in Paragraph 104 of the Complaint. Defendant Hyatt also asserts that any allegations

10   regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

11   her administrative remedies with respect to any such allegations.

12       105.    Defendant Hyatt denies generally and specifically each and every allegation

13   contained in Paragraph 105 of the Complaint.  Defendant Hyatt also asserts that any allegations

14   regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

15   her administrative remedies with respect to any such allegations.

16       106.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

17   to answer the allegations contained in Paragraph 106 of the Complaint, and basing its denial on

18   that ground, denies generally and specifically each and every allegation contained in said

19   paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

20   Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

21   of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

22   asserts that any allegations regarding harassment or hostile work environment are barred because

23   Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

24       107.    Defendant Hyatt denies generally and specifically each and every allegation

25   contained in Paragraph 107 of the Complaint.

26       108.    Defendant Hyatt denies generally and specifically each and every allegation

27   contained in Paragraph 108 of the Complaint.

28       109.    Defendant Hyatt denies generally and specifically each and every allegation

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-21-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

contained in Paragraph 109 of the Complaint.

## RECOVERY

Defendant Hyatt further specifically denies that Plaintiff has suffered any injury or damages of any kind attributable in any way to any act or omission on the part of Defendant Hyatt or any other person or entity.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Cause of Action)

As a first and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that the Complaint and each cause of action (and count) therein fails to state facts sufficient to constitute a cause of action against Defendant Hyatt.

## SECOND AFFIRMATIVE DEFENSE

(Preemption by Federal Labor Law)

As a second and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that to the extent that Plaintiff seeks recovery for alleged injury caused by alleged actions that were governed by the terms of the collective bargaining agreement between the Hyatt Regency San Francisco Airport and Stationary Engineers Union, Local 39 (of which Plaintiff was a member), the exclusive remedy for such an injury, if any, is governed by the mandatory arbitration clause of the collective bargaining agreement pursuant to 29 U.S.C. § 185.

## THIRD AFFIRMATIVE DEFENSE

(No Basis for Compensatory and/or Emotional Distress Damages)

As a third and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award compensatory damages or damages for emotional distress to Plaintiff under any of the causes of action alleged in the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-22-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

**FOURTH AFFIRMATIVE DEFENSE**

(No Basis for Punitive Damages)

As a fourth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award punitive damages under any causes of action alleged in the Complaint, and further allege that excessive punitive damage awards violate the due process clause of the United State Constitution and California Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

(Punitive Damages Bar)

As a fifth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that any claim for punitive damages is barred by California Civil Code Section 3294(b).

**SIXTH AFFIRMATIVE DEFENSE**

(No Basis for Attorneys' Fees)

As a sixth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff has failed to state facts sufficient to provide legal or factual basis to award attorneys' fees or costs to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As a seventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff's causes of action, or parts therein, are barred to the extent that Plaintiff failed to exhaust her administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

(Privilege/Justification)

As an eighth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that its conduct toward Plaintiff, if any, was privileged and/or justified.

Folger Levin &
Kahn llp
Attorneys At Law

-23-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

### **NINTH AFFIRMATIVE DEFENSE**

#### (No Malice/Good Faith Belief)

As a ninth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that at all time and places mentioned in the Complaint, Defendant Hyatt acted reasonably, with due care, without malice, and with good faith belief in the propriety of its conduct at all times material to the allegation in the Complaint.

### **TENTH AFFIRMATIVE DEFENSE**

#### (Barred by Workers' Compensation)

As a tenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that to the extent that Plaintiff seeks recovery for alleged pain, suffering, mental anguish and/or emotional distress, then, pursuant to California Labor Code Section 3601, the exclusive remedy for such injury, if any, is governed by the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq*.

### **ELEVENTH AFFIRMATIVE DEFENSE**

#### (Plaintiff Unreasonably Failed to Utilize Procedures to Prevent Harassment/Discrimination)

As an eleventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that it exercised reasonable care to prevent and correct promptly any harassing and/or discriminatory behavior in the workplace, including the implementation of a policy prohibiting harassment, which was in place at all relevant times and known by the Plaintiff, and that if any harassment and/or discrimination occurred, which Defendant Hyatt denies, Plaintiff unreasonably failed to use any of the preventative and corrective measures provided by Defendant Hyatt.

### **TWELFTH AFFIRMATIVE DEFENSE**

#### (Avoidable Consequences)

As a twelfth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that it exercised reasonable care to prevent and promptly correct any purported harassing or discriminatory behavior, and that if any harassment or discrimination of Plaintiff occurred (which Defendant Hyatt denies), Plaintiff

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-24-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1    unreasonably failed to take advantage of any preventive or corrective opportunities provided by

2    Defendant Hyatt or to avoid harm otherwise, which would have prevented at least some of the

3    alleged injury suffered by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

6    As a thirteenth and separate defense, and solely by way of an alternative defense, not to be

7    construed as an admission, Defendant Hyatt alleges that Plaintiff's damages, if any, are barred

8    because she failed to mitigate damages, and any recovery of damages, if there be any, should be

9    reduced in the amount by which she should have mitigated those alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Complain)

12    As a fourteenth and separate defense, and solely by way of an alternative defense, not to

13    be construed as an admission, Defendant Hyatt alleges that to the extent that Plaintiff failed to

14    complain about certain acts or omissions alleged in the Complaint, such failure to complain

15    constitutes a bar to Plaintiff's recovery of any damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

18    As a fifteenth and separate defense, and solely by way of an alternative defense, not to be

19    construed as an admission, Defendant Hyatt alleges that the causes of action alleged against it, or

20    parts therein, are barred by the applicable statute of limitations, including but not limited to those

21    set forth in California Gov't Code Section 12960 and California Code of Civil Procedure Section

22    340.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Laches)

25    As a sixteenth and separate defense, and solely by way of an alternative defense, not to be

26    construed as an admission, Defendant Hyatt alleges that Plaintiff's delay in asserting her alleged

27    claims bars her claims set forth in the Complaint by the doctrine of laches.

28

Folger Levin &
Kahn llp
Attorneys At Law

-25-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

(Waiver/Estoppel/Unclean Hands)

3

As a seventeenth and separate defense, and solely by way of an alternative defense, not to

4

be construed as an admission, Defendant Hyatt alleges that Plaintiff's recovery in this action is

5

barred by the doctrines of waiver, estoppel, and unclean hands in connection with her job

6

performance and conduct.

7

**EIGHTEENTH AFFIRMATIVE DEFENSE**

8

(No Injury to Plaintiff)

9

As an eighteenth and separate defense, and solely by way of an alternative defense, not to

10

be construed as an admission, Defendant Hyatt alleges that Plaintiff has not suffered any injury,

11

damage, loss or harm due to any actions by the Individual Defendants.

12

**NINETEENTH AFFIRMATIVE DEFENSE**

13

(Consent)

14

As a nineteenth affirmative defense, and solely by way of an alternative defense, not to be

15

construed as an admission, Defendant Hyatt alleges that Plaintiff consented to and approved the

16

acts and omissions about which Plaintiff now complains.  Accordingly, Plaintiff is now barred

17

from pursuing this action.

18

**TWENTIETH AFFIRMATIVE DEFENSE**

19

(No Wrongful Conduct By Managing Agents)

20

As a twentieth affirmative defense, and solely by way of an affirmative defense, not to be

21

construed as an admission, Defendant Hyatt alleges that at all times mentioned in the Complaint,

22

Plaintiff has not alleged and/or cannot demonstrate any wrongful conduct by any managing

23

agents of Hyatt, and Defendant Hyatt further alleges that it never ratified or condoned any

24

unlawful or tortious conduct of any employee or individual at Hyatt.

25

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

26

(Causation)

27

As a twenty-first and separate defense, and solely by way of an alternative defense, not to

28

be construed as an admission, Defendant Hyatt alleges that none of the injuries alleged in the

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-26-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP

Complaint were proximately caused by any of the conduct of Hyatt as alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

As a twenty-second and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that it had legitimate business reasons, unrelated to any classification protected under the Fair Employment & Housing Act, for any employment actions it took with regard to Plaintiff.

## RESERVATION OF DEFENSES

Defendant Hyatt reserves the right to raise additional affirmative defenses as they become known during the course of litigation.

WHEREFORE, Defendant Hyatt prays for judgment as follows:

1.     That judgment be entered in favor of Defendant Hyatt and that Plaintiff take nothing by her Complaint;

2.     That the Complaint herein be dismissed;

3.     That Defendant Hyatt be awarded its costs of suit incurred in the defense of this action, including attorneys' fees; and

4.     That Defendant Hyatt be awarded such other and further relief as the Court deems proper.

Dated: March 20, 2008                          FOLGER LEVIN & KAHN LLP


                                             /s/ *Lisa M. van Krieken*

                                             Lisa M. van Krieken
                                             Attorneys for Defendants
                                     Hyatt Corporation dba Hyatt Regency San Francisco
                                     Airport, Jimmy Flores, Ron Gray, Tom Phipps and
                                             Jose Reyes

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-27-

DEFENDANT HYATT CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT; CASE NO. CV 07 5936
MHP