1    FOLGER LEVIN & KAHN LLP
     Lisa M. van Krieken (CSB No. 121808, lvankrieken@flk.com)
2    Genevieve E. Evarts (CSB No. 226874, gevarts@flk.com)
     Embarcadero Center West
3    275 Battery Street, 23rd Floor
     San Francisco, CA  94111
4    Telephone: (415) 986-2800
     Facsimile: (415) 986-2827
5
6    Attorneys for Defendants Hyatt Corporation
     dba Hyatt Regency San Francisco Airport, Jimmy
     Flores, Ron Gray, Tom Phipps and Jose Reyes
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   THROY OTANES,                          Case No. CV 07 5936 MHP

12              Plaintiff,                   **DEFENDANT HYATT CORPORATION'S
                                             AMENDED ANSWER TO PLAINTIFF'S
13         v.                                COMPLAINT FOR WRONGFUL
                                             DISCHARGE ARISING FROM BREACH
14   HYATT REGENCY HOTEL                     OF CONTRACT, BREACH OF
     (BURLINGAME), JIMMY FLORES,             COVENANT OF GOOD FAITH & FAIR
15   RON GRAY, TOM PHIPPS, JOSE              DEALING, RACE-BASED
     REYES, and DOES ONE through FIFTY,      DISCRIMINATION, DISCRIMINATION
16                                           BASED ON SEX, AGE, AND SEXUAL
                Defendants.                  ORIENTATION, INTENTIONAL
17                                           INFLICTION OF EMOTIONAL
                                             DISTRESS, AND FAILURE TO PREVENT
18                                           DISCRIMINATION**

19                                           Complaint Filed in State Court: May 15, 2007

20
            Defendant Hyatt Corporation dba Hyatt Regency San Francisco Airport ("Defendant
21
     Hyatt" or the "Hotel") (erroneously named herein as "Hyatt Regency Hotel (Burlingame)")
22
     hereby answers the Complaint for Wrongful Discharge Arising from Breach of Contract, Breach
23
     of Covenant of Good Faith and Fair Dealing, Raced-Based Discrimination, Discrimination Based
24
     on Age, Sex, Sexual Orientation, Intentional Infliction of Emotional Distress, and Failure to
25
     Prevent Discrimination ("Complaint") filed by plaintiff Throy Otanes ("Plaintiff") in the above-
26
     captioned matter as follows:
27

28

FOLGER LEVIN &                                      DEFENDANT HYATT CORPORATION'S AMENDED
KAHN LLP                                                  ANSWER TO PLAINTIFF'S COMPLAINT;
ATTORNEYS AT LAW                                                     CASE NO. CV 07 5936 MHP

**ANSWER TO PARAGRAPHS ENTITLED "JURISDICTIONAL ALLEGATIONS"**

1.    Answering Paragraph 1 of the Complaint, Defendant Hyatt admits that the Hyatt Regency San Francisco Airport hotel does business in the County of San Mateo, State of California.

2.    Answering Paragraph 2 of the Complaint, Defendant Hyatt admits that Jimmy Flores, Ron Gray, Tom Phipps, and Jose Reyes are individuals and employees of Hyatt Corporation dba Hyatt Regency San Francisco Airport.

3.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 3 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph.

4.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 4 of the Complaint, except that Defendant Hyatt asserts that Plaintiff was a union employee covered by a written collective bargaining agreement between International Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the Hyatt Regency San Francisco Airport ("the hotel"), which written agreement covered the terms and conditions of Plaintiff's employment in San Mateo County, California.

5.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 5 of the Complaint.

6.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 6 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph.

7.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 7 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph.

**ANSWER TO PARAGRAPHS ENTITLED "GENERAL ALLEGATIONS"**

8.    Answering Paragraph 8 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 7 of the Complaint, Defendant Hyatt realleges and hereby incorporates by this reference its responses to said paragraphs as though fully set forth herein.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

9.      Answering Paragraph 9 of the Complaint, Defendant Hyatt admits that Plaintiff was hired by the Hyatt Regency San Francisco Airport on February 7, 1997 as a Houseperson and later became a Doorperson in August 1999.

10.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 10 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Plaintiff is female and that she was openly gay and her sexual orientation was known to many co-workers.

11.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 11 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Plaintiff began work as a utility engineer at the hotel in October 1999.

12.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 12 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that as a utility engineer, Plaintiff was tasked to do various minor repair work and minor electrical repair work.  However, Defendant Hyatt denies that minor electrical work does not include lockout/tagout electrical work, and specifically alleges that Plaintiff was trained many times in lockout/tagout procedures at the hotel, as were other utility engineers.

13.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 13 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that when Plaintiff worked as a utility engineer at the hotel, she initially was assigned Unit 8 work (rooms preventative maintenance), but at her request, performed both Unit 7 and Unit 8 work, which are both utility engineer assignments.

14.     Defendant Hyatt denies specifically and generally each and every allegation

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1   contained in paragraph 14 of the Complaint, except that Defendant Hyatt admits that Plaintiff was

2   initially doing Unit 8 work until she requested to be assigned to Unit 7 work in 2002.  Defendant

3   Hyatt denies that Plaintiff did no Unit 7 work prior to 2002.  Defendant Hyatt denies that Plaintiff

4   was doing her work satisfactorily and alleges that Plaintiff frequently requested help from

5   Individual Defendants Tom Phipps, Jimmy Flores, Jose Reyes (the "Individual Defendants") and

6   other employees when she was performing her work as a utility engineer.

7           15.     Defendant Hyatt denies generally and specifically each and every allegation

8   contained in Paragraph 15 on page 4 of the Complaint, except that Defendant Hyatt admits that

9   Individual Defendant Jose Reyes is a utility engineer.  Individual Defendants Tom Phipps and

10  Ron Gray are maintenance engineers, and Individual Defendant Jimmy Flores is a painter.

11  Defendant Hyatt also admits that in 2005, Mark Hergert was promoted to Assistant Director of

12  Engineering and assumed supervisory responsibilities in the hotel's engineering department.

13          16.     Defendant Hyatt has no information or belief on the subject sufficient to enable it

14  to answer the allegations contained in Paragraph 16 on page 4 of the Complaint, and basing its

15  denial on that ground, denies generally and specifically each and every allegation contained in

16  said paragraph, except that Defendant Hyatt admits that Plaintiff made a complaint in 2001

17  regarding the conduct of Jimmy Flores.

18          17.     Defendant Hyatt denies generally and specifically each and every allegation

19  contained in Paragraph 17 on page 4 of the Complaint, except that Defendant Hyatt admits that

20  in 2001, Plaintiff made a complaint about Individual Defendant Jimmy Flores grabbing his crotch

21  and swiveling his hips in her presence, and complained that on one occasion, he put his arms

22  around her from behind, thrust his hips and made grunting noises.  Mr. Flores denied Plaintiff's

23  allegations, except that he admitted putting his arm around her shoulder and joking with her.

24  There were no witnesses that corroborated Plaintiff's complaint.  Plaintiff's complaint was

25  promptly addressed, a prompt and through investigation of Plaintiff's allegations was conducted,

26  and appropriate corrective action was taken by the Hotel.  Mr. Flores was counseled, was re-

27  issued another copy of Hyatt's Policy Against Harassment, and was warned of the ramifications if

28  the policy was violated in the future.  Mr. Flores also apologized to Plaintiff, and Plaintiff shook

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1   Mr. Flores' hand and said that she had "no hard feelings," and wanted things to go "back to

2   normal."  Plaintiff was asked by Human Resources to report any further issues as soon as

3   possible.  After October 2001, however, Plaintiff made no further complaints of any alleged

4   sexual harassment of her (or other inappropriate conduct of any kind) by Mr. Flores. Plaintiff did

5   complain to the Hotel's Human Resources department in 2002 alleging that two other engineering

6   employees, "Al" and "Arnel", were coming in to guest rooms in which she was working,

7   borrowing tools, gossiping, annoying her, telling her that Unit 7 work was very hard, and asking

8   her if Individual Defendant Jimmy Flores (a painter), was doing his job on Sundays (a day that

9   she worked with Mr. Flores).  She also complained to Human Resources that Mr. Flores

10  sometimes talked to her as well, telling her that Unit 7 work was harder than Unit 8 work.

11  However, she also specifically told Human Resources the following in December 2002 regarding

12  Mr. Flores:  "I don't have a problem with Jimmy"; "Jimmy is doing his best to teach me"; "He is

13  very nice"; and "My relationship with Jimmy and Ron is very good – they are supportive and

14  professional.  Even after what happened with me and Jimmy, we still talk.  He advises me."

15  Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the

16  allegation contained in the last sentence of Paragraph 17 on page 4 of the Complaint, and basing

17  its denial on that ground, denies generally and specifically each and every allegation contained in

18  said sentence.

19          18.     Defendant Hyatt has no information or belief on the subject sufficient to enable it

20  to answer the allegations contained in Paragraph 18 on page 5 of the Complaint, and basing its

21  denial on that ground, denies generally and specifically each and every allegation contained in

22  said paragraph, and Defendant Hyatt further asserts that Plaintiff subsequently told Human

23  Resources in December 2002:  "I don't have a problem with Jimmy"; "Jimmy is doing his best to

24  teach me"; "He is very nice"; and "My relationship with Jimmy and Ron is very good – they are

25  supportive and professional.  Even after what happened with me and Jimmy, we still talk.  He

26  advises me."

27          19.     Defendant Hyatt has no information or belief on the subject sufficient to enable it

28  to answer the allegations contained in Paragraph 19 on page 5 of the Complaint, and basing its

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1  denial on that ground, denies generally and specifically each and every allegation contained in

2  said paragraph.  Defendant Hyatt further denies specifically and generally that Individual

3  Defendant Jimmy Flores was in Unit 7.

4        15$_2$.  Defendant Hyatt has no information or belief on the subject sufficient to enable it

5  to answer the allegations contained in Paragraph 15$_2$ (the second paragraph 15 contained in the

6  Complaint) on page 5 of the Complaint, and basing its denial on that ground, denies generally and

7  specifically each and every allegation contained in said paragraph, except that Defendant Hyatt

8  admits that at some point in 2002, at her specific request, Plaintiff was assigned Unit 7 work

9  because she stated that she should be assigned Unit 7 work due to her seniority.

10        16$_2$.  Defendant Hyatt has no information or belief on the subject sufficient to enable it

11  to answer the allegations contained in Paragraph 16$_2$ (the second paragraph 16 contained in the

12  Complaint) on page 5 of the Complaint, and basing its denial on that ground, denies generally and

13  specifically each and every allegation contained in said paragraph, except that Defendant Hyatt

14  admits that at some point, Plaintiff may have been the only female utility engineer at the hotel;

15  however, Defendant Hyatt also alleges that there previously had been another female utility

16  engineer at the hotel named Jennifer Schaff, who subsequently became an apprentice engineer,

17  and who then subsequently was promoted to maintenance engineer, then was promoted to

18  Assistant Director of Engineering (supervising both Individual Defendants and Plaintiff), and

19  then was promoted to Director of Engineering at a different Hyatt hotel.

20        17$_2$.  Defendant Hyatt has no information or belief on the subject sufficient to enable it

21  to answer the allegations contained in Paragraph 17$_2$ (the second paragraph 17 contained in the

22  Complaint) on page 5 of the Complaint, and basing its denial on that ground, denies generally and

23  specifically each and every allegation contained in said paragraph, except that Defendant Hyatt

24  alleges that Plaintiff would have known prior to her assignment to Unit 7 work whether the utility

25  engineers performing Unit 7 work were all males, since Plaintiff knew all of the engineers in the

26  Engineering Department.  Defendant Hyatt further specifically denies that Tom Phipps, Ron Gray

27  and Jimmy Flores performed Unit 7 work.

28        18$_2$.  Defendant Hyatt has no information or belief on the subject sufficient to enable it

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-6-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    to answer the allegations contained in Paragraph $18_2$ (the second paragraph 18 contained in the

2    Complaint) on pages 5-6 of the Complaint, and basing its denial on that ground, denies generally

3    and specifically each and every allegation contained in said paragraph, except that Defendant

4    Hyatt denies that Plaintiff was not given any training for Unit 7 work, inasmuch as all engineers

5    in the hotel received extensive training, including Plaintiff, and Plaintiff also was given additional

6    individual training due to her performance problems.

7        $19_2$.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

8    to answer the allegations contained in Paragraph $19_2$ (the second paragraph 19 contained in the

9    Complaint) on page 6 of the Complaint, and basing its denial on that ground, denies generally and

10    specifically each and every allegation contained in said paragraph, except that Defendant Hyatt

11    also specifically denies that Plaintiff was "learning on the job" in 2002, as she already should

12    have had the ability to perform Unit 7 work, having worked as a utility engineer for three years.

13    Defendant Hyatt also admits that Plaintiff received a poor performance evaluation in December

14    2003.

15        20.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

16    to answer the allegations contained in Paragraph 20 of the Complaint, and basing its denial on

17    that ground, denies generally and specifically each and every allegation contained in said

18    paragraph, except that Defendant Hyatt admits that Larry Builta, then the Hotel's Director of

19    Engineering, had conversations with Plaintiff regarding her performance problems, and that

20    Plaintiff was unhappy with the demands of Unit 7 utility engineering work, which can be more

21    demanding than Unit 8 work, as it requires prompt responses to guest requests as opposed to

22    merely preventive maintenance work.

23        21.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

24    to answer the allegations contained in Paragraph 21 of the Complaint, and basing its denial on

25    that ground, denies generally and specifically each and every allegation contained in said

26    paragraph, except that Defendant Hyatt admits that Plaintiff was put back on Unit 8 Rooms

27    Preventative Maintenance in August 2003.

28        22.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-7-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1   to answer the allegations contained in Paragraph 22 of the Complaint, and basing its denial on

2   that ground, denies generally and specifically each and every allegation contained in said

3   paragraph, except that Defendant Hyatt admits that Plaintiff began performing Unit 7 Guest

4   Requests two days per week in 2005 based on the hotel's operational needs.

5           23.      Defendant Hyatt has no information or belief on the subject sufficient to enable it

6   to answer the allegations contained in Paragraph 23 of the Complaint, and basing its denial on

7   that ground, denies generally and specifically each and every allegation contained in said

8   paragraph, except that Defendant Hyatt also specifically denies that Plaintiff was "enduring the

9   problems of training herself on the job," because Plaintiff attended extensive training for

10  engineering work in 2005.  Defendant Hyatt further responds as follows.

11          23(a).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

12  to answer the allegations contained in Paragraph 23(a) of the Complaint, and basing its denial on

13  that ground, denies generally and specifically each and every allegation contained in said

14  paragraph, and further asserts that Plaintiff never made any such allegations after 2001, and that

15  in December 2002, Plaintiff specifically advised Human Resources: "I don't have a problem with

16  Jimmy"; "Jimmy is doing his best to teach me"; "He is very nice"; and "My relationship with

17  Jimmy and Ron is very good – they are supportive and professional.  Even after what happened

18  with me and Jimmy, we still talk.  He advises me."  .

19          23(b).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

20  to answer the allegations contained in Paragraph 23(b) of the Complaint, and basing its denial on

21  that ground, denies generally and specifically each and every allegation contained in said

22  paragraph, and further asserts that Plaintiff never made any such allegations at any time during

23  her employment.

24          23(c).  Defendant Hyatt has no information or belief on the subject sufficient to enable it

25  to answer the allegations contained in Paragraph 23(c) of the Complaint, and basing its denial on

26  that ground, denies generally and specifically each and every allegation contained in said

27  paragraph, and further asserts that Plaintiff never made any such allegations at any time during

28  her employment.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-8-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

23(d).  Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 23(d) of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Mark Hergert was promoted to Assistant Director of Engineering in 2005.

24.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 24 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt admits that Plaintiff was assigned to perform a plumbing repair job on April 18, 2005 as part of her job responsibilities as a utility engineer, and that although Plaintiff was assigned the task, Individual Defendant Tom Phipps completed the plumbing repair job for her after Plaintiff called on her radio for assistance.

25.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 25 of the Complaint, except that Defendant Hyatt admits that Plaintiff was given a Final Written Warning and was suspended for five days by the hotel in April 2005 in lieu of termination for failing to perform work satisfactorily, safely and effectively.

26.    Defendant denies generally and specifically each and every allegation contained in Paragraph 26 of the Complaint, except that Hyatt admits Plaintiff was assigned on May 16, 2006 to respond to a guest call regarding a broken hair dryer, that she called for assistance regarding the call, that Individual Defendant Ron Gray assisted Plaintiff in connection with the minor electrical assignment of checking on the electrical receptacle in the guest room, showed Plaintiff how to use her voltmeter, showed Plaintiff the simple steps to replace the receptacle, and reminded her to do the necessary lockout/tagout procedure, and that Plaintiff then confirmed that she was able to complete the job; however, Plaintiff then was not able to complete the job, failed to perform normal lockout/tagout procedures, and subsequently another utility engineer had to complete the job for her after her shift ended.  Defendant also admits that Plaintiff was suspended pending investigation on May 23, 2005.

27.    Defendant denies generally and specifically each and every allegation contained in

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-9-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    Paragraph 27 of the Complaint, except that Defendant Hyatt admits Plaintiff was called to Human

2    Resources on May 23, 2005.

3    　　　　28.    Defendant Hyatt admits that Plaintiff was discharged from her employment on

4    May 24, 2005.

5    　　　　29.    Defendant Hyatt denies generally and specifically each and every allegation

6    contained in Paragraph 29 of the Complaint.

7    　　　　30.    Defendant Hyatt denies generally and specifically each and every allegation

8    contained in Paragraph 30 of the Complaint, and further asserts that in December 2002, Plaintiff

9    specifically told Human Resources:  "I don't have a problem with Jimmy"; "Jimmy is doing his

10    best to teach me"; "He is very nice"; and "My relationship with Jimmy and Ron is very good –

11    they are supportive and professional.  Even after what happened with me and Jimmy, we still talk.

12    He advises me."

13    　　　　**ANSWER TO FIRST CAUSE OF ACTION**

14    　　　　(Breach of Contract) (Against Defendant Hyatt only)

15    　　　　31.    Answering Paragraph 31 of the Complaint wherein Plaintiff incorporates

16    Paragraphs 1 through 30 (including the duplicative-numbered paragraphs) of the Complaint,

17    Defendant realleges and hereby incorporates by this reference its responses to said paragraphs as

18    though fully set forth herein.

19    　　　　32.    Defendant Hyatt admits that Plaintiff was hired by the Hyatt Regency San

20    Francisco Airport on February 7, 1997 and was terminated from her employment on May 24,

21    2005.  Defendant Hyatt further asserts that Plaintiff's breach of contract cause of action is

22    preempted by federal labor law.

23    　　　　33.    Defendant Hyatt denies generally and specifically each and every allegation

24    contained in Paragraph 33 of the Complaint, except that Defendant Hyatt admits that Plaintiff

25    received salary increases during her employment as a utility engineer pursuant to the required

26    wage increases mandated under the Local 39 collective bargaining agreement which were in no

27    way based upon performance.  Defendant specifically denies that Plaintiff was not given training

28    regarding Unit 7 work, inasmuch as all engineers in the hotel received extensive training,

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-10-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    including Plaintiff.  Defendant Hyatt further asserts that Plaintiff's breach of contract cause of

2    action is preempted by federal labor law.

3          34.    Defendant Hyatt denies generally and specifically each and every allegation

4    contained in Paragraph 34 of the Complaint, except that Defendant Hyatt alleges that Plaintiff

5    was a union employee covered by a written collective bargaining agreement between

6    International Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the

7    Hyatt Regency San Francisco Airport ("the hotel"), which written agreement covered the terms

8    and conditions of Plaintiff's employment.  Defendant Hyatt further asserts that Plaintiff's breach

9    of contract cause of action is preempted by federal labor law.

10         35.    Defendant Hyatt denies generally and specifically each and every allegation

11   contained in Paragraph 35 of the Complaint, and Defendant Hyatt asserts that an "adequate and

12   effective investigation" was conducted by the Hotel.  Defendant Hyatt further asserts that

13   Plaintiff's breach of contract cause of action is preempted by federal labor law.

14         36.    Defendant Hyatt denies generally and specifically each and every allegation

15   contained in Paragraph 36 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

16   breach of contract cause of action is preempted by federal labor law.

17         37.    Defendant Hyatt denies generally and specifically each and every allegation

18   contained in Paragraph 37 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

19   breach of contract cause of action is preempted by federal labor law.

20         38.    Defendant Hyatt denies generally and specifically each and every allegation

21   contained in Paragraph 38 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

22   breach of contract cause of action is preempted by federal labor law.

23                    **ANSWER TO SECOND CAUSE OF ACTION**

24        (Breach of Covenant of Good Faith and Fair Dealing) (Against Defendant Hyatt only)

25         39.    Answering Paragraph 39 of the Complaint wherein Plaintiff incorporates

26   Paragraphs 1 through 38 of the Complaint (including the duplicative-numbered paragraphs),

27   Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

28   paragraphs as though fully set forth herein.

1    40.    Defendant Hyatt denies generally and specifically each and every allegation

2    contained in Paragraph 40 of the Complaint, except that Defendant Hyatt alleges that Plaintiff

3    was a union employee covered by a written collective bargaining agreement between

4    International Union of Operating Engineers, AFL-CIO, Stationary Engineers, Local 39 and the

5    Hyatt Regency San Francisco Airport ("the hotel"), which written agreement covered the terms

6    and conditions of Plaintiff's employment.  Defendant Hyatt further asserts that Plaintiff's breach

7    of the covenant of good faith and fair dealing cause of action is preempted by federal labor law.

8    41.    Defendant Hyatt denies generally and specifically each and every allegation

9    contained in Paragraph 41 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

10    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

11    law.

12    42.    Defendant Hyatt denies generally and specifically each and every allegation

13    contained in Paragraph 42 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

14    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

15    law.

16    43.    Defendant Hyatt denies generally and specifically each and every allegation

17    contained in Paragraph 43 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

18    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

19    law.

20    44.    Defendant Hyatt denies generally and specifically each and every allegation

21    contained in Paragraph 44 of the Complaint.  Defendant Hyatt further asserts that Plaintiff's

22    breach of the covenant of good faith and fair dealing cause of action is preempted by federal labor

23    law.

24    **ANSWER TO THIRD CAUSE OF ACTION**

25    (Discrimination)

26    **ANSWER TO COUNT 1**

27    (Race-Based Discrimination)

28    45.    Answering Paragraph 45 of the Complaint wherein Plaintiff incorporates

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-12-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

Paragraphs 1 through 44 of the Complaint (including the duplicative-numbered paragraphs), Defendant Hyatt realleges and hereby incorporates by this reference its responses to said paragraphs as though fully set forth herein.

46.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 46 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of Paragraph 46 of the Complaint.

47.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 47 of the Complaint, except that Defendant Hyatt admits that Plaintiff's employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was "subjected to different terms, conditions and privileges of employment than those to which Defendant subjected similarly situated employees, on account of her race and national origin."

48.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 48 of the Complaint.

49.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 49 of the Complaint.

50.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 50 of the Complaint.  Defendant Hyatt further asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

51.    Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 51 of the Complaint.  Defendant Hyatt further asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

52.    Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 52 of the Complaint, and basing its denial on

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-13-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1   that ground, denies generally and specifically each and every allegation contained in said

2   paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

3   Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

4   of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

5   asserts that any allegations regarding harassment or hostile work environment are barred because

6   Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

7         53.     Defendant Hyatt denies generally and specifically each and every allegation

8   contained in Paragraph 53 of the Complaint.

9         54.     Defendant Hyatt denies generally and specifically each and every allegation

10  contained in Paragraph 54 of the Complaint.

11        55.     Defendant Hyatt denies generally and specifically each and every allegation

12  contained in Paragraph 55 of the Complaint.

13                            **ANSWER TO COUNT 2**

14                          (Age-Based Discrimination)

15        56.     Answering Paragraph 56 of the Complaint wherein Plaintiff incorporates

16  Paragraphs 1 through 55 of the Complaint (including the duplicative-numbered paragraphs),

17  Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

18  paragraphs as though fully set forth herein.

19        57.     Defendant Hyatt has no information or belief on the subject sufficient to enable it

20  to answer the allegations contained in Paragraph 57 of the Complaint, and basing its denial on

21  that ground, denies generally and specifically each and every allegation contained in said

22  paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of

23  Paragraph 57 of the Complaint.

24        58.     Defendant Hyatt denies generally and specifically each and every allegation

25  contained in Paragraph 58 of the Complaint, except that Defendant Hyatt admits that Plaintiff's

26  employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that

27  Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was

28  "subjected to different terms, conditions and privileges of employment than those to which

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-14-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    Defendant subjected similarly situated employees, on account of her age."

2        59.    Defendant Hyatt denies generally and specifically each and every allegation

3    contained in Paragraph 59 of the Complaint.

4        60.    Defendant Hyatt denies generally and specifically each and every allegation

5    contained in Paragraph 60 of the Complaint.  Defendant Hyatt further asserts that any allegations

6    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

7    her administrative remedies with respect to any such allegations.

8        61.    Defendant Hyatt denies generally and specifically each and every allegation

9    contained in Paragraph 61 of the Complaint.  Defendant Hyatt asserts that any allegations

10    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

11    her administrative remedies with respect to any such allegations.

12        62.    Defendant Hyatt denies generally and specifically each and every allegation

13    contained in Paragraph 62 of the Complaint.  Defendant Hyatt asserts that any allegations

14    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

15    her administrative remedies with respect to any such allegations.

16        63.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

17    to answer the allegations contained in Paragraph 63 of the Complaint, and basing its denial on

18    that ground, denies generally and specifically each and every allegation contained in said

19    paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

20    Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

21    of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

22    further asserts that any allegations regarding harassment or hostile work environment are barred

23    because Plaintiff failed to exhaust her administrative remedies with respect to any such

24    allegations.

25        64.    Defendant Hyatt denies generally and specifically each and every allegation

26    contained in Paragraph 64 of the Complaint.

27        65.    Defendant Hyatt denies generally and specifically each and every allegation

28    contained in Paragraph 65 of the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-15-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

66.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 66 of the Complaint.

## ANSWER TO COUNT 3

(Discrimination Based on Sex)

67.     Answering Paragraph 67 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 66 of the Complaint (including the duplicative-numbered paragraphs), Defendant Hyatt realleges and hereby incorporates by this reference its responses to said paragraphs as though fully set forth herein.

68.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 68 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of Paragraph 68 of the Complaint.  Defendant Hyatt also admits that Plaintiff is a female.

69.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 69 of the Complaint, except that Defendant Hyatt admits that Plaintiff's employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was "subjected to different terms, conditions and privileges of employment than those to which Defendant subjected similarly situated employees, on account of her sex."

70.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 70 of the Complaint.

71.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 71 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, and further asserts that Plaintiff never made any such allegations at any time during her employment.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-16-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    72.    Defendant Hyatt denies generally and specifically each and every allegation

2 contained in Paragraph 72 of the Complaint.  Defendant Hyatt further asserts that any allegations

3 regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

4 her administrative remedies with respect to any such allegations.

5    73.    Defendant Hyatt denies generally and specifically each and every allegation

6 contained in Paragraph 73 of the Complaint.  Defendant Hyatt further asserts that any allegations

7 regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

8 her administrative remedies with respect to any such allegations.

9    74.    Defendant Hyatt denies generally and specifically each and every allegation

10 contained in Paragraph 74 of the Complaint.  Defendant Hyatt further asserts that any allegations

11 regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

12 her administrative remedies with respect to any such allegations.

13    75.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

14 to answer the allegations contained in Paragraph 75 of the Complaint, and basing its denial on

15 that ground, denies generally and specifically each and every allegation contained in said

16 paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

17 Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

18 of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

19 further asserts that any allegations regarding harassment or hostile work environment are barred

20 because Plaintiff failed to exhaust her administrative remedies with respect to any such

21 allegations.

22    76.    Defendant Hyatt denies generally and specifically each and every allegation

23 contained in Paragraph 76 of the Complaint.

24    77.    Defendant Hyatt denies generally and specifically each and every allegation

25 contained in Paragraph 77 of the Complaint.

26    78.    Defendant Hyatt denies generally and specifically each and every allegation

27 contained in Paragraph 78 of the Complaint.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-17-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

## ANSWER TO COUNT 4

(Discrimination Based on Sexual Orientation)

79.     Answering Paragraph 79 of the Complaint wherein Plaintiff incorporates Paragraphs 1 through 78 of the Complaint (including the duplicative-numbered paragraphs), Defendant Hyatt realleges and hereby incorporates by this reference its responses to said paragraphs as though fully set forth herein.

80.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 80 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant Hyatt asserts that no response is required to the first sentence of Paragraph 80 of the Complaint.  Defendant Hyatt also admits that Plaintiff is female, and that she stated to co-workers that she was a lesbian.

81.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 81 of the Complaint, except that Defendant Hyatt admits that Plaintiff's employment was terminated on May 24, 2005.  Defendant Hyatt also specifically denies that Plaintiff was "denied her right to a thorough investigation" and denies that Plaintiff was "subjected to different terms, conditions and privileges of employment than those to which Defendant subjected similarly situated employees, on account of her sex and/or her sexual orientation."

82.     Defendant Hyatt denies generally and specifically each and every allegation contained in Paragraph 82 of the Complaint.

83.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 83 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, and further asserts that Plaintiff never made any such allegations at any time during her employment.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-18-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    84.    Defendant Hyatt denies generally and specifically each and every allegation

2    contained in Paragraph 84 of the Complaint.  Defendant Hyatt asserts that any allegations

3    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

4    her administrative remedies with respect to any such allegations.

5    85.    Defendant Hyatt denies generally and specifically each and every allegation

6    contained in Paragraph 85 of the Complaint.  Defendant Hyatt asserts that any allegations

7    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

8    her administrative remedies with respect to any such allegations.

9    86.    Defendant Hyatt denies generally and specifically each and every allegation

10    contained in Paragraph 86 of the Complaint.  Defendant Hyatt asserts that any allegations

11    regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

12    her administrative remedies with respect to any such allegations.

13    87.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

14    to answer the allegations contained in Paragraph 87 of the Complaint, and basing its denial on

15    that ground, denies generally and specifically each and every allegation contained in said

16    paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

17    Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

18    of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

19    asserts that any allegations regarding harassment or hostile work environment are barred because

20    Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

21    88.    Defendant Hyatt denies generally and specifically each and every allegation

22    contained in Paragraph 88 of the Complaint.

23    89.    Defendant Hyatt denies generally and specifically each and every allegation

24    contained in Paragraph 89 of the Complaint.

25    90.    Defendant Hyatt denies generally and specifically each and every allegation

26    contained in Paragraph 90 of the Complaint.

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-19-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER TO FOURTH CAUSE OF ACTION

(Infliction of Emotional Distress)

## ANSWER TO COUNT 1

91.     Defendant Hyatt asserts that no response is required to Paragraph 91 of the Complaint because this count is alleged against Individual Defendants alone.

92.     Defendant Hyatt asserts that no response is required to Paragraph 92 of the Complaint because this count is alleged against Individual Defendants alone.

93.     Defendant Hyatt asserts that no response is required to Paragraph 93 of the Complaint because this count is alleged against Individual Defendants alone.

94.     Defendant Hyatt asserts that no response is required to Paragraph 94 of the Complaint because this count is alleged against Individual Defendants alone.

95.     Defendant Hyatt asserts that no response is required to Paragraph 95 of the Complaint because this count is alleged against Individual Defendants alone.

## ANSWER TO COUNT 2 (Against Defendant Hyatt Only)

96.     Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 96 of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, except that Defendant denies that it failed to conduct a thorough, adequate and impartial investigation of any complaint made at any time, and further asserts that Plaintiff never made any harassment allegations of any kind after October 2001.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

96(a).  Defendant Hyatt has no information or belief on the subject sufficient to enable it to answer the allegations contained in Paragraph 96(a) of the Complaint, and basing its denial on that ground, denies generally and specifically each and every allegation contained in said paragraph, and further specifically denies that its Human Resources personnel were "ill-equipped" to investigate a complaint by any employee, including Plaintiff.  Defendant Hyatt also asserts that any allegations regarding harassment or hostile work environment are barred because

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-20-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1   Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

2       96(b).   Defendant Hyatt denies generally and specifically each and every allegation

3   contained in Paragraph 96(b) of the Complaint, except that Defendant Hyatt admits that Plaintiff

4   was suspended pending investigation and later terminated effective May 24, 2005.

5       97.   Defendant Hyatt has no information or belief on the subject sufficient to enable it

6   to answer the allegations contained in Paragraph 97 of the Complaint, and basing its denial on

7   that ground, denies generally and specifically each and every allegation contained in said

8   paragraph, except that Defendant Hyatt specifically denies that Plaintiff was "left on her own to

9   learn the new challenges of her job by herself," inasmuch as all engineers in the hotel received

10  extensive training, including and especially Plaintiff.

11      98.   Defendant Hyatt denies generally and specifically each and every allegation

12  contained in Paragraph 98 of the Complaint, except that Defendant has no information or belief

13  on the subject sufficient to enable it to answer the last clause of Paragraph 98.  Defendant Hyatt

14  asserts that any allegations regarding harassment or hostile work environment are barred because

15  Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

16      99.   Defendant Hyatt denies generally and specifically each and every allegation

17  contained in Paragraph 99 of the Complaint.

18      100.   Defendant Hyatt denies generally and specifically each and every allegation

19  contained in Paragraph 100 of the Complaint.

20              **ANSWER TO FIFTH CAUSE OF ACTION**

21      (Failure to Take Steps to Prevent Discrimination) (Against Defendant Hyatt only)

22      101.   Answering Paragraph 101 of the Complaint wherein Plaintiff incorporates

23  Paragraphs 1 through 100 of the Complaint (including the duplicative-numbered paragraphs),

24  Defendant Hyatt realleges and hereby incorporates by this reference its responses to said

25  paragraphs as though fully set forth herein.

26      102.   Defendant Hyatt has no information or belief on the subject sufficient to enable it

27  to answer the allegations contained in Paragraph 102 of the Complaint, and basing its denial on

28  that ground, denies generally and specifically each and every allegation contained in said

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-21-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1  paragraph, except that Defendant Hyatt asserts that no response is required to said paragraph.

2      103.    Defendant Hyatt denies generally and specifically each and every allegation

3  contained in Paragraph 103 of the Complaint.  Defendant Hyatt also asserts that any allegations

4  regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

5  her administrative remedies with respect to any such allegations.

6      104.    Defendant Hyatt denies generally and specifically each and every allegation

7  contained in Paragraph 104 of the Complaint. Defendant Hyatt also asserts that any allegations

8  regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

9  her administrative remedies with respect to any such allegations.

10      105.    Defendant Hyatt denies generally and specifically each and every allegation

11  contained in Paragraph 105 of the Complaint.  Defendant Hyatt also asserts that any allegations

12  regarding harassment or hostile work environment are barred because Plaintiff failed to exhaust

13  her administrative remedies with respect to any such allegations.

14      106.    Defendant Hyatt has no information or belief on the subject sufficient to enable it

15  to answer the allegations contained in Paragraph 106 of the Complaint, and basing its denial on

16  that ground, denies generally and specifically each and every allegation contained in said

17  paragraph, except that Defendant Hyatt admits that Plaintiff filed a complaint with the

18  Department of Fair Employment & Housing on May 16, 2006 alleging that she was fired because

19  of her sex, age, race/color, national origin/ancestry, and sexual orientation.  Defendant Hyatt

20  asserts that any allegations regarding harassment or hostile work environment are barred because

21  Plaintiff failed to exhaust her administrative remedies with respect to any such allegations.

22      107.    Defendant Hyatt denies generally and specifically each and every allegation

23  contained in Paragraph 107 of the Complaint.

24      108.    Defendant Hyatt denies generally and specifically each and every allegation

25  contained in Paragraph 108 of the Complaint.

26      109.    Defendant Hyatt denies generally and specifically each and every allegation

27  contained in Paragraph 109 of the Complaint.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1

**RECOVERY**

2     Defendant Hyatt further specifically denies that Plaintiff has suffered any injury or

3 damages of any kind attributable in any way to any act or omission on the part of Defendant

4 Hyatt or any other person or entity.

5

**AFFIRMATIVE DEFENSES**

6

**FIRST AFFIRMATIVE DEFENSE**

7

(Failure to State Facts Sufficient to Constitute a Cause of Action)

8     As a first and separate defense, and solely by way of an alternative defense, not to be

9 construed as an admission, Defendant Hyatt alleges that the Complaint and each cause of action

10 (and count) therein fails to state facts sufficient to constitute a cause of action against Defendant

11 Hyatt.

12

**SECOND AFFIRMATIVE DEFENSE**

13

(Preemption by Federal Labor Law)

14     As a second and separate defense, and solely by way of an alternative defense, not to be

15 construed as an admission, Defendant Hyatt alleges that to the extent that Plaintiff seeks recovery

16 for alleged injury caused by alleged actions that were governed by the terms of the collective

17 bargaining agreement between the Hyatt Regency San Francisco Airport and Stationary

18 Engineers Union, Local 39 (of which Plaintiff was a member), the exclusive remedy for such an

19 injury, if any, is governed by the mandatory arbitration clause of the collective bargaining

20 agreement pursuant to 29 U.S.C. § 185.

21

**THIRD AFFIRMATIVE DEFENSE**

22

(No Basis for Compensatory and/or Emotional Distress Damages)

23     As a third and separate defense, and solely by way of an alternative defense, not to be

24 construed as an admission, Defendant Hyatt alleges that Plaintiff has failed to state facts sufficient

25 to provide a legal or factual basis to award compensatory damages or damages for emotional

26 distress to Plaintiff under any of the causes of action alleged in the Complaint.

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-23-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

**FOURTH AFFIRMATIVE DEFENSE**

(No Basis for Punitive Damages)

As a fourth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award punitive damages under any causes of action alleged in the Complaint, and further allege that excessive punitive damage awards violate the due process clause of the United State Constitution and California Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

(Punitive Damages Bar)

As a fifth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that any claim for punitive damages is barred by California Civil Code Section 3294(b).

**SIXTH AFFIRMATIVE DEFENSE**

(No Basis for Attorneys' Fees)

As a sixth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff has failed to state facts sufficient to provide legal or factual basis to award attorneys' fees or costs to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As a seventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff's causes of action, or parts therein, are barred to the extent that Plaintiff failed to exhaust her administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

(Privilege/Justification)

As an eighth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that its conduct toward Plaintiff, if any, was privileged and/or justified.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-24-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **NINTH AFFIRMATIVE DEFENSE**

### (No Malice/Good Faith Belief)

As a ninth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that at all time and places mentioned in the Complaint, Defendant Hyatt acted reasonably, with due care, without malice, and with good faith belief in the propriety of its conduct at all times material to the allegation in the Complaint.

## **TENTH AFFIRMATIVE DEFENSE**

### (Barred by Workers' Compensation)

As a tenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that to the extent that Plaintiff seeks recovery for alleged pain, suffering, mental anguish and/or emotional distress, then, pursuant to California Labor Code Section 3601, the exclusive remedy for such injury, if any, is governed by the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq*.

## **ELEVENTH AFFIRMATIVE DEFENSE**

### (Plaintiff Unreasonably Failed to Utilize Procedures to Prevent Harassment/Discrimination)

As an eleventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that it exercised reasonable care to prevent and correct promptly any harassing and/or discriminatory behavior in the workplace, including the implementation of a policy prohibiting harassment, which was in place at all relevant times and known by the Plaintiff, and that if any harassment and/or discrimination occurred, which Defendant Hyatt denies, Plaintiff unreasonably failed to use any of the preventative and corrective measures provided by Defendant Hyatt.

## **TWELFTH AFFIRMATIVE DEFENSE**

### (Avoidable Consequences)

As a twelfth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that it exercised reasonable care to prevent and promptly correct any purported harassing or discriminatory behavior, and that if any harassment or discrimination of Plaintiff occurred (which Defendant Hyatt denies), Plaintiff

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-25-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1    unreasonably failed to take advantage of any preventive or corrective opportunities provided by

2    Defendant Hyatt or to avoid harm otherwise, which would have prevented at least some of the

3    alleged injury suffered by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

6    As a thirteenth and separate defense, and solely by way of an alternative defense, not to be

7    construed as an admission, Defendant Hyatt alleges that Plaintiff's damages, if any, are barred

8    because she failed to mitigate damages, and any recovery of damages, if there be any, should be

9    reduced in the amount by which she should have mitigated those alleged damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Complain)

12    As a fourteenth and separate defense, and solely by way of an alternative defense, not to

13    be construed as an admission, Defendant Hyatt alleges that to the extent that Plaintiff failed to

14    complain about certain acts or omissions alleged in the Complaint, such failure to complain

15    constitutes a bar to Plaintiff's recovery of any damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

18    As a fifteenth and separate defense, and solely by way of an alternative defense, not to be

19    construed as an admission, Defendant Hyatt alleges that the causes of action alleged against it, or

20    parts therein, are barred by the applicable statute of limitations, including but not limited to those

21    set forth in California Gov't Code Section 12960 and California Code of Civil Procedure Section

22    340.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Laches)

25    As a sixteenth and separate defense, and solely by way of an alternative defense, not to be

26    construed as an admission, Defendant Hyatt alleges that Plaintiff's delay in asserting her alleged

27    claims bars her claims set forth in the Complaint by the doctrine of laches.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Waiver/Estoppel/Unclean Hands)

As a seventeenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff's recovery in this action is barred by the doctrines of waiver, estoppel, and unclean hands in connection with her job performance and conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Injury to Plaintiff)

As an eighteenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff has not suffered any injury, damage, loss or harm due to any actions by the Individual Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

(Consent)

As a nineteenth affirmative defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that Plaintiff consented to and approved the acts and omissions about which Plaintiff now complains.  Accordingly, Plaintiff is now barred from pursuing this action.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Wrongful Conduct By Managing Agents)

As a twentieth affirmative defense, and solely by way of an affirmative defense, not to be construed as an admission, Defendant Hyatt alleges that at all times mentioned in the Complaint, Plaintiff has not alleged and/or cannot demonstrate any wrongful conduct by any managing agents of Hyatt, and Defendant Hyatt further alleges that it never ratified or condoned any unlawful or tortious conduct of any employee or individual at Hyatt.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Causation)

As a twenty-first and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant Hyatt alleges that none of the injuries alleged in the

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-27-

DEFENDANT HYATT CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. CV 07 5936 MHP

1   Complaint were proximately caused by any of the conduct of Hyatt as alleged in the Complaint.

2                     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

3                              (Legitimate Business Reasons)

4        As a twenty-second and separate defense, and solely by way of an alternative defense, not

5   to be construed as an admission, Defendant Hyatt alleges that it had legitimate business reasons,

6   unrelated to any classification protected under the Fair Employment & Housing Act, for any

7   employment actions it took with regard to Plaintiff.

8                          **RESERVATION OF DEFENSES**

9        Defendant Hyatt reserves the right to raise additional affirmative defenses as they become

10  known during the course of litigation.

11       WHEREFORE, Defendant Hyatt prays for judgment as follows:

12       1.      That judgment be entered in favor of Defendant Hyatt and that Plaintiff take

13  nothing by her Complaint;

14       2.      That the Complaint herein be dismissed;

15       3.      That Defendant Hyatt be awarded its costs of suit incurred in the defense of this

16  action, including attorneys' fees; and

17       4.      That Defendant Hyatt be awarded such other and further relief as the Court deems

18  proper.

19  Dated: March 21, 2008                    FOLGER LEVIN & KAHN LLP

20                                           /s/ *Lisa M. van Krieken*

21                                           Lisa M. van Krieken
                                             Attorneys for Defendants
22                                           Hyatt Corporation dba Hyatt Regency San Francisco
                                             Airport, Jimmy Flores, Ron Gray, Tom Phipps and
23                                           Jose Reyes

24  47903\5035\593706.1

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-28-     DEFENDANT HYATT CORPORATION'S AMENDED
         ANSWER TO PLAINTIFF'S COMPLAINT;
         CASE NO. CV 07 5936 MHP